O. A. NANNEY v. THE STATE.

No. 14372. Delivered November 4, 1931.

The opinion states the case.

*S. H. Milwee,* of Colorado, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft of property of the value of more than $50; punishment, five years in the penitentiary.

The state's attorney with this court has expressed in writing his opinion that there is not in this record sufficient evidence to corroborate the accomplice witness Cawthron. We have carefully examined the testimony and believe the position taken to be correct.

The rule is statutory and settled by many decisions of the courts, that there must be other evidence than that of the accomplice which tends to connect the accused with the commission of the offense; and that unless the corroborating evidence has the effect of, at least to some extent, pointing out and identifying the accused as a participant in the crime charged, it will not be sufficient, even though it show or tend to show that some one has committed a crime. Article 718, C. C. P.; Stovall v. State, 104 Texas Crim. Rep., 217, 283 S. W., 850. See authorities cited in Mr. Branch's Annotated P. C., sec. 719.

The crime here charged is the theft of a bale of cotton on Sunday, May 11, 1930, from a gin at Midland, Texas, the cotton belonging to a Mr. Glass. It appears that the cotton was recovered the same day in the afternoon, and that it was found on a truck about three miles south of the town of Coahoma, which is some fifty-two miles east of Midland. It was in evidence that a man named Shilling was found by the officers walking on foot that same day on the road leading toward Colorado some four miles west from Coahoma. Cawthron, the accomplice, testified that he, Shilling and appellant took the bale of cotton in question. He said that Shilling wore a yellowish overcoat on said occasion.

For the purpose of testing the sufficience of the corroborating evidence, let us eliminate the testimony of the accomplice and sift the remainder of the evidence to ascertain, if possible, what facts or circumstances there may be which point to appellant as a participant in the theft of said cotton. No one save Cawthron testifies to seeing appellant in Midland or on the road between Midland and Coahoma at any time on that day. The sheriff, Mr. Francis, testified that he brought appellant from the Colorado jail that afternoon to Coahoma. How long appellant

had been in the Colorado jail, or when or where, or by whom or under what circumstances he was arrested, is not shown. It is in evidence that Shilling left a yellowish overcoat hung behind the door of a restaurant in Coahoma on said day, and that he got it from the place where he left it when he, appellant, the sheriff and others came by there that afternoon. There is other evidence suggesting that the overcoat referred to belonged to appellant, and for the purpose of this discussion we assume that it did, though the evidence of that fact is not very strong. The testimony seems to indicate that the coat was kept or used around a mattress factory, and that Shilling wore it whenever he wanted to. About the only other circumstance worth mentioning is that Shilling testified that appellant helped load one bale of cotton but which bale or whether he helped load the Glass bale of cotton is not in testimony.

It would seem to need little analysis to demonstrate the fact that the testimony just set out does not sufficiently point to appellant as one of the takers of the bale of cotton belonging to Mr. Glass. No one but Cawthron says he took or helped take it. He was never seen in possession of it. There is no statement of his in evidence admitting any connection with the transaction, and practically the only fact relied upon is that Shilling wore a coat on that day which belonged to appellant, which had some lint cotton on it. Even Cawthron does not claim that appellant wore the coat, but he affirms that Shilling wore it. The fact that Shilling wore appellant's coat while engaged in a theft enterprise, would hardly be deemed sufficient corroboration of the claim of an accomplice that appellant was present and one of the takers of the stolen property. Evidence may be obtainable to furnish corroboration of the accomplice, but it does not appear in this record.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*