DAVID SMITH v. THE STATE.

No. 16206. Delivered January 17, 1934.
Reported in 67 S. W. (2d) 277.

The opinion states the case.

*Jesse Owens,* of Vernon, for appellant.

*Ed Gossett,* Dist. Atty., of Vernon, and *Lloyd W. Davidson,* State's Atty., of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of theft of property over the value of $50.00, and his punishment assessed at confinement in the state penitentiary for a term of 3 years.

The facts as established upon the trial by accomplice witnesses are substantially as follows: On the night of the last Saturday in January, 1933, William Frith, Cecil Suggs, Carl Alley, Hilliard Boyd, and the appellant went in the appellant's car to a dance at Perkins' in West Vernon, Texas. The said five left the dance about 12 o'clock, drove around town for a while, let Hilliard Boyd out of the car at the Bailey Hotel, and the other four parties drove to Oklaunion, stopped at Luther Westerman's filling station, knocked the back window out, entered the building, and took 12 automobile tires, a cash register, some candy, cigars, and cigarettes. They then went in the car to Mr. Mills' filling station situated on the river, broke into it and took some soda pop and a quart of oil, which said four parties in their car then carried to the farm of Mrs. Smith, mother of appellant, and with whom the appellant and his family resided, and threw all of said articles in a field of Johnson grass which was located about 300 yards from the Smith home and where it was subsequently found and recovered by the officers and identified by the respective owners. The state sought to corroborate the accomplice witnesses by the following testimony: The state proved by the witness E. M. Yearby that on the last Saturday night in January, after midnight, he was awakened by one or two boys who came to a window on the west side of his house and asked him for a pole to prize off of the bridge with; they said they were stuck. They left and came back and wanted a shovel and wanted help. The witness then got up and helped them out of the ditch. The witness further testified: "I noticed some object on the road bank near the field. There were only two of the boys there then. The boys were gone when we examined it and found it to be a cash register. I could not tell who it was; it was dark and I couldn't tell nothing about who it was." Edgar Birchfield, who was with Mr. Yearby, testified to the same facts.

The state proved by Chester Green that he was a deputy sheriff of Wilbarger County and he testified that when they made a search of the Smith premises they noticed two automobile

tracks leading south from the house into the field; one was a small track which stopped at the turn-row, probably 300 yards to half a mile from the house; the other was a large track which was probably half a mile from the house and went up into the Johnson grass patch where the stolen articles were found; that at the time they made a search of the Smith premises there were two or three of the Smith boys at the house.

By Hillory Lacey the state proved that he went out with Toad Frith to the Smith farm about the time the defendant and the other boys were arrested and charged with the burglary of said filling station; that Toad Frith drove out to the Smith place in a T Model Ford and found the appellant, David Smith, plowing in the field; that Lacey plowed a round for David Smith while Toad Frith stayed in the car and talked to the said Smith, the appellant.

Fay Tipton testified for the state that on the last Saturday night in January he went to the dance with the appellant, David Smith, Cleo Smith, Joel Jordan, Una Jordan, Earl Alley, Reburn Casey, and the wife of David Smith in Smith's car; that he went home with Cleo Smith, Reburn Casey, Earl Alley, David Smith's wife, and two other girls. David Smith did not come back with them.

At the conclusion of the testimony, the defendant moved the court to instruct the jury to return a verdict of not guilty because the evidence is not sufficient to sustain a verdict of guilty, which motion was overruled and appellant assigned the same as error. We have carefully reviewed the record and have reached the conclusion that the appellant's position is well taken. The state proved a complete case against the appellant by three of the accomplices. The conviction, however, cannot be sustained unless there is other testimony of non-accomplices tending to connect the appellant with the commission of the offense charged. Article 718, C. C. P., demands that before a conviction can be sustained upon the testimony of an accomplice witness, there must be other evidence in the record tending to connect the accused with the commission of the offense outside of the testimony of the accomplice witness.

Now, bearing in mind the foregoing requirements of the law, what testimony is there in the record, outside of that of the accomplices, which tends to connect the defendant with the commission of the offense charged? It is true the appellant and the accomplices were at the dance in West Vernon on the Saturday night of the alleged burglary, but the burglary was not committed in the town of West Vernon but in Oklaunion. No one saw the appellant with these accomplices after they left

Hilliard Boyd at the Bailey Hotel. From the testimony in the record we gather that they were in Cecil Suggs' car and not in the car of the appellant because appellant's wife, together with Fay Tipton, Cleo Smith, Reburn Casey, Earl Alley, and two other girls went home in the David Smith car. There is no evidence outside of the accomplice testimony which would show that appellant assisted in carrying the goods to the Smith home and hiding the same in the Johnson grass patch or that he knew the same was hidden there. Besides, the appellant was not in the exclusive possession of the Smith home in that the evidence shows that his mother resided there as well as his brothers. Therefore, when the case is stripped of all of the accomplice testimony, we have but the following facts remaining, to-wit: The appellant was in the car with the alleged accomplices in the town of West Vernon on the Saturday night of the alleged theft. Some days later the stolen property was found on Mrs. Smith's farm in a Johnson grass patch some half mile distant from the home where he, the appellant, his mother, and one or two of his brothers resided. There is no evidence that the track of the car leading down to the Johnson grass patch corresponded to the track of the car in which the appellant and the alleged accomplices had gone to the dance. It appears to us that none of the evidence other than that of the accomplice witnesses attributes to the appellant any knowledge that the tires and cash register were in the Johnson grass patch or that he participated in the actual burglary of the alleged filling station or that the alleged stolen property was found in the exclusive possession of the appellant. The circumstances testified to by the non-accomplice witnesses are not deemed sufficient, and in support of our views we refer to the case of Hunt v. State, 58 S. W. (2d) 523. But, by said language it is not intended to convey the idea that corroborating facts or evidence should be such as to show guilt independent of the testimony of an accomplice. It is sufficient if it tends to establish facts material and relevant which would tend to connect appellant with the commission of the offense. See Millican v. State, 7 S. W. (2d) 82; Hamilton v. State, 55 S. W. (2d) 820.

In view of the disposition we are making of this case, it becomes unnecessary to discuss any of the other errors assigned.

Having reached the conclusion that the evidence of the non-accomplice witnesses does not sufficiently corroborate that of the accomplice witnesses to warrant a conviction, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.