DUANE SMITH V. THE STATE.

No. 21250. Delivered November 13, 1940.

The opinion states the case.

*Ivan Irwin,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is burglary; the punishment, confinement in the penitentiary for three years.

On the night of the 21st of November, 1939, the place of business of B. C. Bunkley in Fisher County was burglarized and a quantity of merchandise taken therefrom. Mr. Bunkley recovered some of his merchandise in Dallas, Texas. Appellant was placed in possession of the stolen property only by the testimony of accomplice witnesses. According to the testimony of several of the accomplice witnesses, appellant, Mark Polk, Luke Banano, Isaac Tomerlin and E. M. Anderson committed the burglary. Also, according to the testimony of these accomplices, the property of said Bunkley was carried to Dallas and sold. Some of the accomplice witnesses who did not participate in the burglary testified to having seen appellant in Dallas with the accomplices who burglarized the store, in possession of several articles of merchandise. There was testimony of nonaccomplice witnesses to the effect that on the 18th of November, 1939, prior to the burglary, appellant was seen in an automobile in Dallas. The speedometer showed that the car

had been driven something over 2,000 miles. On the 22nd of November, after the burglary, the speedometer on the same automobile showed that it had been driven over 3,000 miles. The State undertook to show that appellant was in Fisher County on the night of the burglary with the accomplice witnesses who participated in the commission of the crime. However, appellant was not shown to be in Fisher County at the time, except by the testimony of accomplice witnesses.

Article 718, C. C. P., provides that a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed, and further provides that the corroboration is not sufficient if it merely shows the commission of the offense. If it should be conceded that it was shown that appellant and the accomplice witnesses had been seen together prior to the commission of the offense and shortly after its commission it would not follow that the corroboration should be held sufficient. As already pointed out, appellant was not shown to be in Fisher County when the offense was committed save by the testimony of the accomplice witnesses. If the testimony is sufficient to show that he was seen in Dallas with such witnesses prior to the commission of the offense and after its commission, such fact alone is not sufficient corroboration. As already pointed out, only the accomplice witnesses placed appellant in possession of any of the stolen property. It follows from what we have said that we deem the evidence insufficient to support the judgment of conviction. The State's attorney before this court confesses error.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.