## LIL CRAWFORD V. THE STATE.

No. 23521. Delivered November 20, 1946.

The opinion states the case.

*Vickers & Vickers*, of Lubbock, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted of the burglary of the Consumers Fuel Station in the town of Abernathy, and assessed a penalty of ten years in the penitentiary.

Several questions are raised, but the decision of one appears to be sufficient to dispose of the appeal as it is now presented.

Jack Clark, one of the participants in the robbery according to his testimony, testified that on July 10th, 1945, he was living in Lubbock and that he there joined the appellant, Rufus Eady and Virgil Johnson about six-thirty or seven o'clock in the afternoon, and left the travel bureau station in Virgil Johnson's car. A short distance away they passed his, Jack Clark's, wife who was walking along the street. They stopped for a short time to tell her that these men were taking him to work. He then recounted their movements for the rest of the evening, the robbery of the place at about one o'clock in the morning, detailing specifically the incidents of the robbery and the return to Lubbock.

There are circumstances corroborating his story as to the commission of the offense and the participation of sufficient help to handle a five hundred pound safe, place it in the car, convey it some distance and break it open. The only evidence corroborating his story of the connection of appellant was that of Clark's wife, who said she saw them together at the time and place stated by Jack Clark. This was at least six hours before the robbery, and some twenty miles distant from Abernathy. There is no other evidence of any kind or character to connect appellant with the robbery, and nothing else to corroborate the testimony of Clark, who had "turned state's evidence" and was an accomplice witness.

Disregarding entirely the evidence of appellant's witnesses as to an alibi, still, we think the evidence is wholly insufficient to corroborate the accomplice witness, Jack Clark, whose evidence, under Article 718 Vern. Ann. C. C. P., must be corroborated before a conviction can be had. This question has been passed on many times. More recent cases which may be cited are: Smith v. State, 67 S. W. (2d) 277, opinion by Judge Krueger; Randall v. State, 103 S. W. (2d) 743, opinion by Presiding Judge Hawkins; and Smith v. State, 144 S. W. (2d) 542, opinion by Judge Christian, from which we quote the following:

"Article 718, C. C. P., provides that a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed, and further provides that the corroboration is not sufficient if it merely shows the commission of the offense.

If it should be conceded that it was shown that appellant and the accomplice witnesses had been seen together prior to the commission of the offense and shortly after its commission it would not follow that the corroboration should be held sufficient."

Having concluded that corroboration in this case is insufficient to meet the requirements of the statute, we deem it unnecessary to discuss the other questions raised by the appeal.

The judgment of the trial court is reversed and the cause is remanded.