ENNIS SMITH V. THE STATE.

No. 23830. Delivered December 10, 1947.

*Harvey P. Shead,* of Longview, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for theft of one yearling. The punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant challenges the sufficiency of the evidence to sustain his conviction.

The record shows that the State's principal witness was one Lacy Brewster who testified that on or about the 9th day of

January, 1947, he and appellant placed a rope on a black yearling belonging to Henry Board; that at the time they roped the yearling it was in a field; that they took the yearling some distance from the field to a point about 150 feet from a country road and tied it in some bushes; that they then went to the town of Marshall where he, the witness, talked to a Mr. Bisch in the Meat Department of a Red & White store and offered to sell him a white-faced cow. The one tied in the woods was a black yearling. Bisch promised to come out the next day about 9 o'clock to inspect the animal. He did not go himself but he did send Bill Johnston to look at it. When Johnston arrived at the designated place, neither Lacy Brewster, the appellant, nor the yearling was there, whereupon he returned to Marshall.

Bertis Harris testified that he saw the yearling tied in the woods about 50 yards from the road; that while he was there he saw appellant and Lacy Brewster come by going across the road; that he did not see appellant or Lacy Brewster around the yearling; that the nearest he saw them to the yearling was about 50 yards.

Dick Moore testified in substance to the same facts as Harris. It will thus be noted that the State relied upon the testimony of a self-confessed accomplice which is not sufficient to justify a conviction unless corroborated by facts or circumstances tending to connect the accused with the commission of the offense charged. What evidence have we here, independent of that of the accomplice, that appellant participated with the self-confessed thief in the commission of the offense or that he was present when it was committed? None. The fact that appellant was present when Lacy Brewster sought to sell the animal to Bisch would not tend to connect him with the original taking of the animal in question. This was after the animal had been stolen and the theft thereof was completed. See McFarlin v. State, 200 S. W. (2d) 162; Nanney v. State, 119 Tex. Cr. R. 633; Crawford v. State, 197 S. W. (2d) 575; Buchanan v. State, 25 Tex. App. 546; Jones v. State, 59 Tex. Cr. R. 559 (In fact 562) on rehearing.

Having reached the conclusion that the accomplice was not corroborated on the material criminative facts testified to by him connecting appellant with participating in the original taking of the animal in question, the judgment of the trial court is reversed and the cause remanded.

Opinion approved by the Court.