ROSEVELT ARON V. STATE

No. 25318. October 3, 1951.

Hon. John H. Tate, Judge Presiding.

*Clarence M. Wilchar, Jr.,* Houston, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted of the offense of burglary and sentenced to three years in the penitentiary.

Appellant and the chief prosecuting witness resided in the city of Houston and, according to the state's theory of the case, planned the burglary which is alleged to have been committed in Chapel Hill, Washington County. They left Houston together at night time and stopped at Hempstead, fifty miles away, for the purpose of purchasing new light bulbs for the car in which they traveled and which belonged to appellant.

While committing the burglary officers appeared on the scene and captured Isaac James Washington, with appellant's car, but the appellant himself made his escape. Washington plead guilty and testified for the state, giving the details of the burglary which involved this appellant and sustains the jury's verdict.

The only contention in the appeal which requires discussion is an attack on the testimony of Washington as being insufficient on the ground that he is an accomplice and that his evidence was not properly corroborated. With this we cannot agree. That someone was with Washington and helping to commit the burglary there can be no doubt. A witness from Hempstead, operating a filling station, positively identified both Negroes as appearing at his place of business at the time which Washington said they did. They were together and were within four teen miles of the place where the burglary was committed a short while before they were discovered by the officers. The distance that they had come together to reach this point compared with the close proximity with the scene of the burglary is quite significant evidence in corroborating Washington's testimony. The possession of the car owned by appellant is substantial evidence supporting Washington and is a strong circumstance connecting appellant with the offense, independent of the accomplice testimony.

Of the cases discussed in appellant's brief, that of Crawford v. State, 149 Tex. Cr. R. 581, 197 S.W. 2d 575 probably needs consideration. Jack Clark, claiming to be a participant in the burglary, testified for the state and involved Crawford. He described the movement of the parties, four of them, as they got together in the city of Lubbock, twenty miles from Abernathy where the burglary was committed. At some place in the city they met Clark's wife who testified that she saw them together at the time and place stated by her husband. This was six hours before the burglary. There was no other corroborating circumstance. There was nothing to indicate their intention to go in the direction of Abernathy. In the instant case the corroborating evidence shows that they had traveled fifty miles from the place where, admittedly, appellant and the witness lived. They were going in the direction of Chapel Hill and were within fourteen miles of it. We think the surrounding circumstances are quite in contrast to those in the Crawford case.

Another question raised by the appeal complains of the failure of one of the jurors, Fred Kokemore, to reveal the fact that he was a local deputy sheriff and had summoned witnesses for investigations made by the grand jury which returned the indictment in this case. We have concluded that the record as it appears does not raise any substantial question requiring a discussion of this complaint.

Finding no reversible error, the judgment of the trial court is affirmed.