### Lawrence Duncan v. The State.

No. 11802.     Delivered May 23, 1928.

**1.—Arson—Corpus Delicti—Confession of Accused—Not Sufficient.**

It is a universally recognized rule that an extra-judicial confession alone is not sufficient to establish the corpus delicti. In the instant case the state relied solely upon the confession of appellant to establish the corpus delicti, and this was not sufficient. See Daugherty v. State, 78 Tex. Crim. Rep. 535, and Nolan v. State, 60 Tex. Crim. Rep. 7, and other cases cited.

**2.—Same—Continued.**

Mr. Underhill states the rule as follows: "Where the evidence is sufficient to show that the crime has been committed, or where there is any evidence dehors the confession in proof of the corpus delicti, the confession or admission is admissible. A confession together with the proof of corpus delicti may sustain a conviction, but extrajudicial confession alone will not sustain a conviction." Underhill's Crim. Ev. (3rd Ed.), Sec. 36.

Appeal from Criminal District Court No. 2 of Dallas County. Tried below before Hon. C. A. Pippen, Judge.

Appeal from a conviction for arson, penalty two years in the penitentiary.

The opinion states the case.

*John T. Spann* and *Ed T. Freeman* of Dallas, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense arson, penalty two years in the penitentiary.

The indictment is in two counts. The first count charges the appellant with the unlawful burning of the house of John Reasonover. The second count charges conspiracy on the part of appellant, John Reasonover, J. S. Farrington and R. D. James, to burn the house of John Reasonover. The first count only was submitted to the jury.

A purported confession of appellant was introduced in evidence. It is vigorously contended that this confession was not voluntary and that its admission in evidence was error. In view of the disposition we make of the case we do not deem it necessary to pass on this point.

The evidence shows that about the 17th day of November, 1925, an apartment house belonging to John Reasonover in the City of Dallas burned. It seems to have been the theory of the state that the fire was of incendiary origin and that appellant, Farrington, James and Reasonover, set the house on fire for the insurance. The evidence is wholly insufficient to establish the corpus delicti. Apart from appellant's confession the only attempt made by the state to prove that a crime was committed apparently was by the testimony of J. W. Thompson, City Fire Marshal, who testified in part:

"I made an examination of the premises. I couldn't tell the cause of the fire. . . . The second story was practically burned out, couldn't determine the origin at that time."

It is a universally recognized rule that an extra-judicial confession alone is not sufficient to establish the corpus delicti. Daugherty v. State, 78 Tex. Crim. Rep. 535; Nolan v. State, 60 Tex. Crim. Rep. 7.

Mr. Underhill states the rule as follows:

"Where the evidence is sufficient to show that the crime has been committed, or where there is any evidence dehors the confession in proof of the corpus delicti, the confession or admis-

sion is admissible. A confession together with proof of the corpus delicti may sustain a conviction, but an extrajudicial confession alone will not sustain a conviction." Underhill's Crim. Ev. (3rd Ed.), Sec. 36.

See also following Texas authorities: Willard v. State, 27 Tex. Crim. App. 386; Harris v. State, 28 Tex. Crim. Rep. 308; Ellison v. State, 59 Tex. Crim. Rep. 3; Lott v. State, 60 Tex. Crim. Rep. 162; Brady v. State, 32 Tex. Crim. Rep. 264; Dunn v. State, 34 Tex. Crim. Rep. 257; Anderson v. State, 34 Tex. Crim. Rep. 546; Gilbert v. State, 37 Tex. Crim. Rep. 301; Hill v. State, 11 Tex. Crim. App. 132; Attaway v. State, 35 Tex. Crim. Rep. 403; Johnson v. State, 150 S. W. 936.

All the state has in this case independent of the alleged confession of appellant is that a fire occurred. The circumstances attending it are just as consistent with the absence of a crime as with the perpetration of one. Proof that a fire occurred of itself obviously does not prove that the crime of arson has been committed by someone. The record is without any evidence suggesting any connection of appellant with this fire or that such a fire was incendiary except what is contained in the alleged confession of appellant.

Because of the insufficiency of the evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.