## JOHN ROBINSON V. THE STATE.

No. 23156. Delivered June 13, 1945.

The opinion states the case.

*C. O. McMillan,* of Stephenville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Appellant was convicted, under Article 1322, P. C., of the willful burning of his insured automobile. His punishment was assessed at two years in the penitentiary.

The sufficiency of the evidence to support the conviction is challenged.

According to appellant's extrajudicial confession, he fell asleep while driving his automobile along a public highway about five o'clock in the morning, as a result of which he ran the car off a culvert and into a ditch, turning the car over. When he saw the gasoline running out of the gas tank, he decided to and did set fire to and burn the automobile to collect the insurance thereon. He reported the loss and collected the insurance.

By other witnesses, the State showed the existence of the insurance upon the automobile, the report of the loss, and the collection of the insurance by the appellant.

The sheriff testified relative to the finding of the automobile

and its condition at the scene of the fire. We quote from his testimony, as follows:

"Somewhere about the fifth of November, I investigated about an automobile being burned. As to time in the morning or day it was, I don't know exactly what time of the morning, but it was somewhere around six o'clock, before day light. As to remembering what day of the week it was, whether or not it was on Sunday, I believe it was.

"That car was burned about three miles out on the Hico Road in the Valley Grove neighborhood, which is in Erath County, and in the State of Texas. I went down there that morning, and found this car when I got down there,—it was on the left hand side,—it was on the left hand side of the road headed towards Stephenville; had been turned over, off at a cement culvert. What I mean by that: that was at a cement culvert on the road and this car had been turned down—had been turned off at the culvert, and had apparently run off the culvert there down into the ditch, like down from the end of the culvert; it was still burning when I arrived down there. As to its position in the ditch by setting on its wheels, or otherwise, it was not; it was on its back; and it was burning; the car was burning all over, the biggest part of it, looked like it was practically burned up, —almost demolished.

"It was a Plymouth Automobile, a 'thirty six Model Sedan, and it was a kind of a blue color; and I knew the car when I looked it over; it was John Robinson's car, who is the defendant in this case. Then I came on back to town.

"Thereafter, John Robinson was picked up by me concerning this matter. By being 'picked up,' I mean he was arrested; we picked him up and talked with him. I mean I arrested him,—he was arrested; yes."

Upon the foregoing facts, this conviction is predicated.

It is insisted that the insufficiency of the evidence lies in the fact that the "corpus delicti" was not proven—that is, that outside of and other than the confession of the appellant there is no testimony, direct or circumstantial, showing or tending to show that the automobile was set fire to and burned as a result of the criminal act or agency of some person. Branch's P.C. 1890, p. 1049.

The "corpus delicti" cannot be shown alone by the extrajudicial confession of the accused because, for one to confess

to the commission or guilty participation in a crime, there must first be a crime committed by someone.

In the light of the rule stated, the facts here presented— other than and outside of appellant's confession—must be examined to determine if the State has shown by any testimony that the automobile was set fire to and burned as a result of the willful act or agency of some person.

The most favorable aspect that may be given to such testimony is that the automobile was burned and still on fire when discovered by the sheriff where it had turned over after running off a culvert and into a ditch; that appellant reported the burning of the car and collected the insurance thereon. Do such facts meet the requirements of the rule stated?

Not only the wording of Article 1322, P.C. but also by the provisions of Article 1317, P.C., it appears that the rules and definitions applicable to the offense of arson are, generally speaking, applicable and controlling in the instant prosecution.

The direct question here presented appears to have been definitely settled in the case of Zepeda v. State, 139 Tex. Cr. 258, 139 S. W. (2d) 820, and Duncan v. State, 109 Tex. Cr. R. 668, 7 S. W. (2d) 79, wherein this Court held that in an arson case a showing merely that the building was burned was insufficient to establish the "corpus delicti."

The instant facts are no stronger than those in the cases cited—in fact, if there be any difference, they are weaker, because we have the outstanding hypothesis that the burning of the car was the result of the automobile's running off the culvert and turning over in the ditch and not the result of the willful act or agency of any person to burn the automobile. Moreover, note is taken of the fact that outside of appellant's confession, there is no testimony that appellant was driving the automobile or was in any manner connected therewith at the time of the wreck or the fire.

The conclusion is reached that the State has failed to establish the corpus delicti and, by reason thereof, the judgment of the trial court is reversed and the cause is remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.