JACK BURRIS V. STATE.

No. 24541. January 25, 1950.

State's Motion for Rehearing Denied March 22, 1950.

GRAVES, Judge, dissenting on state's motion for rehearing.

*C. O. McMillan,* Stephenville, for appellant.

*L. Brann,* District Attorney, and *H. W. Allen,* Hamilton, and *George P. Blackburn,* State's Attorney, for the state.

BEAUCHAMP, Judge.

The offense is arson. The punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant's first complaint relates to the court's action in declining to sustain his motion to quash the indictment, which, omitting the formal parts, reads as follows: "That Jack Burris on or about the 9th day of February, A. D., 1945, and anterior to the presentment of this indictment in the County of Hamilton and State of Texas, did then and there unlawfully and wilfully set fire to and burn the house of Mrs. Irene Cleveland and Mrs. Rowena Yates, there situated, * * *." The indictment in unmistakable language charges that the house in question belonged to the two ladies jointly and we deem the indictment sufficient. Art. 402, Vernon's Ann. C. C. P., provides that where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them.

His next contention is that the evidence is insufficient to sustain his conviction which necessarily includes sufficient proof to establish the corpus delicti. With a purpose of determining this question, we have carefully reviewed the testimony adduced on the trial of this case as the same appears in the record. Appellant's father was a farmer in West Texas who had moved to Hamilton and engaged in the grocery business. It appears that the family, including appellant, were not happy and the business was advertised for sale. On the early morning of February 9, 1945, the building, including the stock, was destroyed by fire. Appellant's father had $6,000 insurance on the stock and this fact was known to him. Near an opening in the rear of the building there was an accumulation of boxes, matches, and other articles, some of which had become saturated with coal oil and made highly inflammable. Robert Speaker, who testified as a witness in behalf of the state, related the happenings just prior to and at the time of the fire. He, with appellant and three other boys and a girl, had something to eat at a cafe adjacent to or near the grocery store. During that time appellant walked out of the cafe and was gone about fifteen minutes. When he returned he was"breathing pretty hard and sort of nervous." Ten or fifteen minutes later the party got into an automobile and drove out some distance. They had been gone about thirty minutes when they heard a fire alarm and returned. A conversation was carried on speculating as to what was burning. Some surmised that it was the court house, but appellant insisted that it was his father's grocery store. After the fire this same witness was employed, together with appellant, as watchman

over the burned premises. He testified that during this time appellant revealed to him that appellant had set the place on fire. Thereafter, appellant was arrested and placed in jail. He made a voluntary confession which appears to meet the requirements of the statute and it is admissible.

Appellant's extra-judicial confession will not sustain a conviction unless the state is able to establish by evidence, beyond a reasonable doubt, the corpus delicti; that is, that the fire was of incendiary origin. Other than the foregoing statement, we find no fact or circumstance indicating that the fire was of incendiary origin. There is no evidence from any source that appellant was seen at or about the store on the night in question; nor is it shown that when he left the cafe he went in the direction of it. He told of tearing boards off of the window in order to set the inside afire. There is no evidence to show that this was done. There is no proof of tracks about the window to indicate that appellant or anyone else was there. In fact, there is an entire lack of evidence on the subject. For which reason the conviction cannot stand. See Underhill on Criminal Evidence, 3rd Ed., Sec. 36; Duncan v. State, 109 Tex. Cr. R. 668, 7 S. W. 2d 79; and authorities there cited, but it is contended that the confession may be used to aid the corpus delicti. See Black v. State, 137 Tex. Cr. R. 173, 128 S. W. 2d 406; Lott v. State, 60 Tex. Cr. R. 162, 131 S. W. 553; Kugadt v. State, 38 Tex. Cr. R. 681, 44 S. W. 989. See also Tex. Jur., Vol. 4, page, 822, Sec. 23.

Believing that the evidence is insufficient to support the conviction, the judgment of the trial court is reversed and the cause is remanded.

### ON STATE'S MOTION FOR REHEARING.

GRAVES, Judge.

The facts set forth in the original opinion may be added to in that it is shown that about 3:00 o'clock in the morning, the night watchman passed the N. E. corner of the building later burned, and he saw no fire therein, as was also testified to by another witness. Soon thereafter something became out of order in the telephone in said building, the wires thereof passing through the N. E. corner near a window that was broken out and had boards over it with openings therein that one's hand could be thrust through. The telephone operator notified the night watchman, who went over to such building and found the same on fire and burning briskly in the N. E. corner thereof. He notified the telephone girl to turn in the alarm, which she

did. The fire department answered the call and found the building on fire in the N. E. corner thereof. About 3:00 o'clock A. M., appellant was in the Camp Hamilton Cafe, which was next to this store. He left and was gone about 15 minutes therefrom; and upon his return, he was "breathing pretty hard and sort of nervous." They then drove out in the country a short distance and stayed about 30 minutes. Upon hearing the alarm, they started to town and could see the light, but could not tell where the fire was. Appellant said that it was their store which was on fire but no one could tell at such time where the fire was. Again, he said he would bet it was their store. They could not then see what was on fire. After the fire had been extinguished, appellant and a witness were hired to watch the ruins, and he again said that he had set the building afire in order to draw the insurance but for the witness not to tell. It was shown by the facts that the store was for sale; that a ten per cent reduction sale was on at such time, and that appellant's father was absent on the day relative to a sale of the store. The home of the family was under negotiations for a sale and was sold on the next day of the fire; that the family were anxious to move to Lubbock County. Appellant made a written confession as follows:

"On Friday morning, February 9th, 1945, I set fire to the store building which was operated by my father in Hamilton, Texas, and known as the Burris Grocery. I had been with two girls earlier in the evening along with 'Worms' Pruitt and we had taken them home. They were Rita Roberts and a girl named Betty. We were back at Camp Hamilton and Junior Allison knew this girl from Ireland. There were several of us in there at Camp Hamilton. 'Red' Cotney, Worm Pruitt, Robert Speaker, Junior Allison and myself and this girl.

"About 1:45 A.M. I went out by myself and went over to our store and kicked a couple of boards off the window and struck a match and pitched it in and set fire to the kerosene and papers that were on the floor there in the back of the store. There was quite a bit of kerosene spilled around there and we had to keep post toasties etc. away from there on account of they would absorb the odor. I had a package of 'gopher' matches and I just struck one and lighted the whole package and pitched it in there. It caught some tow sacks and paper sacks on fire which were around the kerosene barrel. There were also some greasy meat wrappers there. I saw it was burning before I left. I went around to the rest room a minute and waited and then I went back in Camp Hamilton.

"I had ordered a sandwich and I ate about half of it and went

out to the car and ate the rest of it. We all drove off in Red Cotney's car, that is, Red Cotney, Worm Pruitt, Junior Allison, Robert Speaker, this girl and I, and we went out close to the rendering plant and parked. I was the only one who noticed as we drove by the store and I noticed that it was burning. We had not been there but a few minutes when I heard the whistle blow for the fire. After the last whistle blew (the third time) we came into town. Speaker said he thought it was the court house before we got to town and I told him I thought it was the store. That was before we could see what it was that was burning.

"I had heard my mother and father talking about having the insurance with Mr. Rush a week or two before that. I understood that there was about $6,000.00 insurance on the store.I wanted to move back to the farm near Lubbock in the Pecton Community was the reason I burned it."

My brethren think there is no evidence to establish the corpus delicti in that no incendiary fire is shown by the facts.

It has been held in many cases that a confession standing alone is not sufficient to establish the corpus delicti of an offense. However, in Kugadt v. State, 38 Tex. Cr. R. 681, 44 S. W. 989, the leading case relative to such, we find the following:

"In other words, in the establishment of the corpus delicti, confessions are not to be excluded, but are to be taken in connection with the other facts and circumstances in evidence. See note 3 to case of State v. Williams, reported in 78 Am. Dec. p. 254. And this rule is recognized in this State. See Jackson v. State, 29 Texas Crim. App. 458. Said case quotes with approval an excerpt taken from 4 American and English Encyclopedia of Law, p. 309, as follows: 'A confession is sufficient, if there be such extrinsic corroborative circumstances as will, taken in connection with the confession, produce conviction of the defendant's guilt in the minds of a jury beyond a reasonable doubt.' 'Such suppletory evidence need not be conclusive in its character. When a confession is made, and the circumstances therein related correspond in some points with those proven to have existed, this may be evidence sufficient to satisfy a jury in rendering a verdict asserting the guilt of the accused. "Full proof of the body of the crime, the corpus delicti, independently of the confessions, is not required by any of the cases; and in many of them slight corroborating facts were held sufficient." ' 3 Am. and Eng. Enc. of Law, p. 447. We take it that there can be no question that the prosecution is permitted to prove by

circumstantial evidence the corpus delicti, and in aid thereto use the confession of the appellant."

We think the motive is apparent, the opportunity present, the fire set and burning where appellant said, the unusual hour, and the knowledge of the identity of the store upon the part of appellant, as well as his statements to the officers, can all be taken together, and in connection with these confessions, were sufficient to satisfy the trial jury that this was an incendiary fire and set by someone at the early hour of 3:00 o'clock in the morning in the N. E. corner of this store and destroyed two stores and damaged a third.

Under the authority of the case of Kugadt v. State, supra, we think that the circumstances here shown are sufficient to show guilt, and thus believing, I respectfully enter my dissent to this reversal upon the facts. .

My brethren, however, remain of the views expressed in the original opinion herein, and under their authorization, the motion for a rehearing upon the part of the state is overruled.