JAMES WALTER BARRY V. STATE.

No. 29,793. May 14, 1958.
State's Motion for Rehearing Overruled
(Without Written Opinion) June 18, 1958.

*John R. Wright, Jack P. Hornaday,* Grand Prairie, for appellant.

*Henry Wade,* Criminal District Attorney, *Homer G. Montgomery, John J. Orvis, Ben F. Ellis, A. D. Bowie,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for murder by burning with fire; the punishment, 30 years.

The testimony of the state shows that on November 29, 1956, appellant made a voluntary written statement and the testimony was sufficient to authorize its admission in evidence.

Appellant's written statement states that Sue Murray, the lessee and operator of a rooming house, agreed to pay him $500 to burn the building and she would pay him when she got her insurance. It further states that the deceased, who lived upstairs, was intoxicated early on the night of the fire, and after an argument, appellant decided to get even with him; that he put a bunch of papers under the stairway and set them afire. It also recited that Sue Murray later told him that she would get $900 from the insurance company and he received a total of $235 from her for burning the building.

The state's evidence further shows than in March, 1953, Sue Murray operated a rooming house in an old two-story frame building. A. R. Usry, who lived in a back room on the first floor, assisted her in the operation of the house. Shortly after 6 P.M., March 23, Usry found Flavillus Williamson, one of the roomers, drunk on the porch, and assisted him to his upstairs room. Usry retired about 9 P.M., went to sleep, and about 12 midnight

awaked by a knock on the door, heard some one call, "wake up * * * fire." He left the building, then heard someone say "there's a man burnt upstairs," and later saw the body of Flavillus Williamson which was burned except the feet and didn't see any stab wounds on the body. Usry testified that the appellant had been rooming there since about Thanksgiving Day (1952), but that he had not seen him since the fire until the day of the trial. When asked if he saw the appellant in the neighborhood of the building on the date it burned, Usry answered, "I believe he was down at Trueman's Cafe." The distance from Trueman's Cafe to the burned building was not shown. He also testified that he didn't see Sue Murray at the rooming house on the night of the fire.

L. W. Moore, Chief Investigator for the Dallas Fire Department, testified that there was evidence that persons had been in the room where it appeared the fire started, that they had been drinking, and that in his opinion the fire was started by "careless smoking" and it was so listed by the Fire Department; further he stated that in his opinion the building was a 75% loss due to the fire. He further testified, when recalled by the state, that in his opinion the fire started in a closet under the stairway in a front room on the first floor.

Two doctors testified as to the burned condition of the body and expressed the opinion that such burns were the cause of deceased's death.

The city of Dallas owned the building which burned but had leased it to Sue Murray at the time here in question.

Appellant did not testify but called the claims manager of an insurance company who while testifying identified the records of the insurer pertaining to the burned building. The records showed in part that "the fire originated in a downstairs room and according to the Fire Marshall was caused by careless smoking on the part of one of the roomers. Property is burned so badly that no cause could be determined by your adjuster. We concur in the above." He further testified that the claim due to the burning of the building was paid to the city of Dallas because he believed the report made by the adjuster.

The proof was sufficient to warrant the findings that the body was that of Flavillus Williamson and that his death was caused by burning with fire.

Appellant contends that his voluntary written statement will not sustain a conviction unless the state was able to establish, by evidence outside of said statement, the corpus delicti, that is, that the fire was of incendiary origin, and which the state failed to do.

Other than the proof that appellant had been rooming there from November, 1952, until the date of the fire, March 29, 1953, and that the witness Usry believed he saw him at Trueman's Cafe (location not shown) on the date the building burned, there is no proof that appellant was at or near the building immediately before or at the time of the fire or that he did any act or was in any way criminally connected with the burning of the building. Excluding appellant's written statement, the evidence fails to reveal any fact or circumstance showing that the fire was of incendiary origin.

An extrajudicial confession alone, without proof of the corpus delicti, is insufficient to sustain a conviction. 4 Branch, 2d Ed., 377, Sec. 2066.

The extrajudicial confession of the appellant was not corroborated in any way to show that he wilfully burned the rooming house. This proof was essential in order to sustain the conviction. Robinson v. State, 148 Texas Cr. Rep. 439, 188 S.W. 2d 182; Burris v. State, 154 Texas Cr. Rep. 399, 227 S.W. 2d 528.

Finding the evidence insufficient to support the conviction, the judgment is reversed and the cause remanded.

Opinion approved by the Court.