v. State, 161 Tex.Cr.R. 85, 274 S.W.2d 689; Matula v. State, 72 Tex.Cr.R. 189, 161 S.W. 965; Robbins v. State, Tex.Cr.App., 20 S.W. 359; Loper v. State, Tex.App., 17 S.W. 1090; Taylor v. State, 16 Tex.App. 514; and see Pevito v. Rodgers, 52 Tex. 581.

The only question for our decision on the merits of the appeal is, Did the court below err in dismissing the appeal from the judgment of the corporation court?

The order dismissing the appeal recites, in part, that the appeal "is hereby dismissed, for the reason that the appeal bond * * * is defective", however Formal Bill of Exception No. 1 recites "that the court was of the opinion that said appeal bond was defective in that in the first paragraph thereof said bond, in part, only recited that 'said defendant has given notice of appeal' and did not recite to which County Court at Law of Bexar County, Texas, notice of appeal was given although said judgment of the corporation court * * * recited notice of appeal to the County Court at Law No. 2 of Bexar County, Texas".

Art. 833, Vernon's Ann.C.C.P., recites in material part:

"In appeals from the judgments of justice and corporation courts, the defendant shall * * * be committed to jail unless he give bond * * *. *Said bond shall recite that in said cause the defendant was convicted and has appealed, and be conditioned that the defendant shall make his personal appearance before the court to which the appeal is taken* instanter * * *." (emphasis added)

The only requirement imposed by Art. 833, supra, calling for a reference in the bond to the county court to which the appeal is taken, is that the bond "be conditioned that the defendant shall make his appearance before the court to which the appeal is taken".

■ Appellant's bond was conditioned that the appellant "shall well and truly

make his appearance before the County Court at Law No. 2 of Bexar County, Texas, instanter * * *". Hence, the bond was sufficient.

■ It has long been the rule that a criminal appeal, dismissed for want of a sufficient bond, will be reinstated upon motion accompanied by a sufficient bond. Art. 835, V.A.C.C.P., Notes 2 & 4.

The order dismissing the appeal is reversed and the cause is remanded for trial de novo.

Opinion approved by the Court.

**Morris Len GORDON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 33387.**

Court of Criminal Appeals of Texas.

May 10, 1961.

Irwin & Irwin, T. K. Irwin, Jr., and R. T. Scales, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., Paul French, John Rogers, Phil Burleson, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

Adultery is the offense; the punishment, a fine of $600.

The state relied upon three acts of intercourse without a living together to constitute "habitual carnal intercourse," within the meaning of Art. 499, Vernon's Ann. P.C.

The only evidence of the commission of acts of intercourse on June 5 and June 8, 1960, is found in appellant's confession.

In the absence of corroborating testimony, the confession is insufficient to sustain the judgment. Carroll v. State, 143 Tex.Cr.R., 158 S.W.2d 532; Robinson v. State, 148 Tex.Cr.R. 439, 188 S.W.2d 182.

Because the evidence is insufficient to support the conviction, the judgment is reversed and the cause is remanded.