### FLOYD WEATHERRED v. THE STATE.

No. 8700.   Delivered April 15, 1925.

Rehearing denied State, May 27, 1925.

**Arson—Accomplice Testimony—Corroboration of—Insufficient.**

Where on a trial for arson, the appellant was charged with being an accomplice to the burning of a gin, and two witnesses testified that they had burned the gin, and were hired to do so by appellant. The corroboration of these witnesses, was absolutely necessary to sustain a conviction. Corroboration of the accomplice witness upon any number of immaterial matters will not suffice. The corroboration must be as to some criminative fact which tends to connect accused with the commission of the offense charged against him. Failing to meet this requirement, the cause must be reversed.

Appeal from the District Court of Hill County.   Tried below before the Hon. Horton B. Porter, Judge.

Appeal from a conviction of being an accomplice to the crime of arson; penalty, two years in the penitentiary.

The opinion states the case.

*Collins, Dupree & Crenshaw,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the district court of Hill County of the offense of being an accomplice to the crime of arson, and his punishment fixed at two years in the penitentiary.

Homer Weatherred owned a gin. Appellant, a brother of Homer, worked at said gin as a day laborer for wages. The gin burned. Appellant was charged with hiring two men to burn it. They both testified against him that he did so hire them. They were accomplice witnesses. Hence a necessity for other evidence tending to show that appellant did so hire them. If none, the conviction cannot stand.

Witnesses swore that before the fire appellant came in a car with said two men and others from one town to another; also that a few days before said burning appellant was seen talking with said two men on a porch in the town of Covington. If such testimony be corroborative, then accomplices might be held corroborated in their claim of the guilt of any person upon whom they might seek to fasten a crime, by mere proof that such parties had been seen together.

Another circumstance offered as corroboration, was that a man who worked at said gin with appellant testified that on some occasion he heard appellant say that he wished the G— d— thing would burn up. On cross-examination this witness said appellant was in a bad humor because they could not get sufficient water with the pump, and that they were all worried. We are unable to see how this would corroborate any claim that appellant hired Watson and Holloway to burn the gin.

The only remaining circumstances are that one Sessums swore that about ten days before the fire appellant asked him if he wanted to make ten dollars; that he replied no, and then asked appellant how, and that the later said "Burn the Woodbury gin"; also that one Brooks swore that about two weeks before the gin burned, appellant told him he had a pretty ten dollar bill he would give him to set said gin afire. Neither of these witnesses claimed that any reference was made in the conversation to Watson or Holloway, nor did either witness assert knowledge of any fact showing that appellant ever had or made any trade, agreement or contract with Watson and Holloway in regard to said gin. We cannot bring ourselves to

agree that these circumstances furnish corroboration of the two accomplices Watson and Holloway.

Confusion of the principles involved is easy, their distinction difficult. To illustrate,—if appellant had been seen to put a can of gasoline in his car at, say a half hour before the fire, and. go in the direction of the gin, take said can out of his car and creep toward the gin, these might be material circumstances if he was charged with the arson, but would be of no materiality as corroboration of the accomplices, if he was charged with hiring Watson and Holloway to set fire to the gin and they had testified that they fired it in his absence and without his assistance. In other words, circumstances which would have weight and materiality in the one case, might have none in the other; and yet at a glance it might be deemed that anything tending to show that appellant burned the gin or wished the gin burned, might suffice to corroborate Watson and Holloway in their claim that he hired them to burn it, but reflection is sufficient to convince one that such a proposition is not sound.

No principle is better understood than that proof of the connection of A with a given crime cannot be made by proof of the fact that at a prior date he did a similar thing. Such testimony has no corroborative force.

Motive is not always held indispensable, but we observe that it appears to be entirely lacking in the instant case. As stated above, the gin belonged to appellant's brother, and was shown by undisputed testimony to be not over-insured, and that the fire resulted in a distinct loss to the brother after the insurance was paid. Many people who had known appellant all of his life and for years gave testimony as to his good reputation.

There are many interesting questions raised regarding the charge and the admission of testimony, but we do not discuss them because we have such serious doubt as to the sufficience of the corroborative testimony as to lead us to decide that we are unwilling to let a conviction stand where the State relies upon accomplice witnesses with no more corroboration than appears.

Being of opinion that the testimony does not sufficiently support the conviction, the judgment will be reversed and the cause remanded.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State has filed a motion for rehearing in which it is argued that the fact proven by other parties sufficiently corroborate the accomplice witnesses. We gave the evidence before us close scrutiny upon original submission. A review of it confirms us in the conclusion then reached. Corroboration of the accomplice witness upon any number of immaterial matters will not suffice. The corroboration must be as to some criminative fact which tends

to connect accused with the commission of the offense charged against him, which in the present case was that he had hired two parties to burn a gin. We quote from Chambers v. State, 44 S. W. 495: .

"Bill Haynes, a confessed thief, was the principal witness for the State. He makes out a clear case of theft against appellant, but, being an accomplice, the law requires that he should be corroborated, before the jury is authorized to convict. Bill Haynes was corroborated by the testimony of other witnesses as to a great number of facts sworn to by him; but no witness in this case, except Bill Haynes, swears to a fact tending even remotely to criminate this defendant in the theft of the cattle. Now, it makes not the slightest difference how thoroughly he corroboration of the accomplice may be in regard to facts related by him, yet, unless, there is some proof, independent of his testimony, tending to connect the defendant with the commission of the crime, there is no sufficient corroboration."

The motion is overruled.

*Overruled.*