780

## MASTEN v. STATE. (No. 12612.)

Court of Criminal Appeals of Texas. Oct. 9, 1929.

See, also, 100 Tex. Cr. R. 30, 271 S. W. 920.

W. D. Garnett and Jno. W. Culp, both of Gainesville, for appellant.

J. T. Adams and J. L. Gettys, both of Gainesville, Sullivan, Speer & Minor, of Denton, and A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Incest is the offense, and the punishment three years' confinement in the penitentiary.

A former appeal of this case will be found in 109 Tex. Cr. R. 596, 6 S.W.(2d) 367, where the facts are fully stated and discussed.

We are again confronted with the same question decided on the former appeal, namely, the sufficiency of the testimony to corroborate the accomplice, Laura Bell Hepard. We do not regard the facts found in the instant record as materially different from those held insufficient on the former appeal and set out fully in the opinion above referred to. We feel unable to add anything to what was there stated. The state makes the claim that it has materially strengthened its corroborative testimony. We agree that some of the facts proven on the former trial have been more fully and more clearly established, particularly is this true of the corroborative circumstance of appellant having been alone at his home with the prosecutrix on the afternoon that the crime is claimed to have been committed. However, our former opinion was based, not upon the weakness of the corroborative evidence, but rather upon a lack of such evidence. We find in this record no new material incriminating fact. The rule as to corroborative testimony has been clearly stated by Judge Hurt in the following language:

"The accomplice must be corroborated by the evidence of some other witness, and this corroboration must be by proof of some fact tending to connect the defendant with the commission of the offense. The accomplice may state any number of facts, and these facts may all be corroborated by the evidence of other witnesses; still, if the facts thus corroborated do not tend to connect the defendant with the crime, or if they do not point pertinently to the defendant as the guilty party or as a participant, this would not be such corroboration as is required by the code. We suggest this mode as a proper test: Eliminate from the case the evidence of the accomplice, and then examine the evidence of the other witness or witnesses with the view to ascertain if there be inculpatory evidence — evidence tending to connect the defendant with the offense. If there is, the accomplice is corroborated; if there is no inculpatory evidence, there is no corroboration, though the accomplice may be corroborated in regard to any number of facts sworn to by him." Welden v. State, 10 Tex. App. 401.

Again it has been stated: " 'The purpose of the statute was to prohibit a conviction unless there was some evidence entirely outside of that of the accomplice which, of itself and without the aid of the accomplice, tends at least to connect the defendant with the offense committed.' Hoyle v. State, 4 Tex. App. 239; Jones v. State, 4 Tex. App. 529; Jones v. State, 7 Tex. App. 457; Myers v. State, 7 Tex. App. 641." Roach v. State, 8 Tex. App. 492.

The claim is made that about the usual period of gestation following the date appellant was with prosecutrix alone at his house a child was born, but this fact alone could not be held to furnish sufficient corroboration. It was said in Woolley v. State, 50 Tex. Cr. R. 214, 96 S. W. 27, 28: "The fact that she had a child is not of itself a corroboration of the fact that appellant was the father of the child. This could have occurred as well from intercourse with any other man as with accused."

Reduced to its last analysis, we regard the corroborative testimony as showing only an opportunity of appellant to commit the crime. The presence alone together of an uncle and his niece could not be said to be such an incriminating fact as would furnish that measure of corroboration required by law in the absence of other facts, even though pregnancy of the niece is proven which dates approximately from such time. Such an inference would be as dangerous as it is unnatural. Associations of this character are common and arise from the relationship of the parties. There is not a single fact in this record, apart from the testimony of prosecutrix, which indicates any intimacy or any course of conduct materially different from what might be expected between relatives whose kinship is of

the degree shown to exist between appellant and prosecutrix. It is useless for us to again analyze testimony already fully stated and discussed in the former opinion referred to above. There is still lacking proof of incriminative facts which tend to connect the appellant with the commission of the offense, and, such being the case, it becomes our duty to again reverse and remand this case, and it is accordingly so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.