## C. B. BAKER v. THE STATE.

No. 13316. Delivered May 14, 1930.
Reported in 28 S. W. (2d) 166.

The opinion states the case.

*Frank Hartgraves* of Menard, and *L. J. Wardlaw* of Fort Worth, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, arson; penalty, two years in the penitentiary.

On the night of January 4, 1929, the grocery store of L. H. Lehne in the town of Ft. McKavit in Menard County was partly burned down. The State introduced two accomplices, Joe McDaniel and George Crump, whose testimony makes a complete offense both as to themselves and the appellant, C. B. Baker. We regard the testimony as sufficient to show independent of that of the accomplices that the fire was of an incendiary origin and that the corpus delicti is sufficiently proven. We further regard the testimony aside from that of the accomplices as sufficiently tending to show that the accomplice Joe McDaniel set fire to the building. The sufficiency of the corroborative evidence to show the criminal connection of appellant with the offense is the real question in the case. Appellant, George Crump and L. H. Lehne were competitors in the grocery business in the town of Ft. McKavit. Lehne was underselling each of them and they were threatened with bankruptcy. According to Crump they discussed several times the propriety of burning Lehne out and getting rid of him as a competitor. Appellant asked Crump to get somebody to do the job and he finally did procure Joe McDaniel. McDaniel, Crump and appellant were together in the store of Crump the night of the fire. McDaniel was furnished kerosine by Crump. McDaniel also procured a pad of ducking and an old inner tube. He entered the store through an upper window about eleven o'clock and set fire to the top of the building. The fire was extinguished and the articles mentioned above were found. He was to be paid fifty dollars. Payment was refused of the fifty dollars because the job had not been completed. George Crump, however, on January 6th, following, paid him ten dollars, a five dollar bill, three ones, a silver dollar and two halves, which money was furnished by appellant. Appellant and Crump were in a restaurant about ninety feet from the fire at the time it occurred. Appellant paid for the meal after the fire started and both of them went over to the fire, as well also as McDaniel, and helped extinguish it. All this appears from the testimony of the two accomplices, Crump and McDaniel. It appears from testimony other than the accomplices' that the three of them were seen together a short time before the fire. It has been said however: "The mere fact that the two were seen together before the offense was committed is not deemed sufficient to meet the requirements of the statute requiring corroboration of an accomplice witness." *Noble v. State*,

273 S. W. 251. McDaniel was seen shortly after the fire with ten dollars in money of the same denomination as that testified to as having been given him by Crump but there is an entire absence of testimony independent of that of the accomplices that such money came from the appellant.

The only other material corroborative fact deemed worthy of mention is that some five or six days after the fire appellant approached the proprietor of the restaurant ·where he was eating at the time of the fire and told him in substance that if anything came up about the fire that he, the restaurant man, would know where he was. The State's testimony shows that appellant was arrested by State rangers about a week after the fire. If at the time he made the purported statement to the restaurant man appellant knew he was under investigation and likely to be charged with the offense, the probative force of this incriminative statement would be greatly weakened. In other words, an innocent man knowing himself to be under investigation or knowing that he would be prosecuted would of course be interested in proving his whereabouts. We find no testimony in the record rebutting the proposition that appellant did not at the time he made the statement know he was under investigation and suspicion and would probably be prosecuted. Statements not wholly unlike the one in controversy were held insufficient in the case of Weatherred v. State, 100 Tex. Crim. Rep. 199, opinion by Justice Lattimore. Other cases regarded as analogous are those of Meyer v. State, 104 Tex. Crim. Rep. 6; Manley v. State, 101 Tex. Crim. Rep. 626; Barnett v. State, 2 S. W. (2nd) 236; Still v. State, 50 S. W. 355; Sims v. State, 253 S. W. 283. The State's evidence presented the theory that appellant had agreed to the commission of the offense and was present at the time same was committed, which constituted him a principal. We regard the evidence as insufficient to corroborate the accomplices on the fact of the agreement. We find no testimony in the record which we regard as sufficient which tends to connect the appellant with the offense in this respect.

If the State is able to strengthen its case upon another trial, the Court should charge this theory. An entirely erroneous theory was submitted to the jury, namely, that appellant was present and aided and assisted in its commission. We find no testimony supporting any such issue nor any exception by appellant to its submission in this manner. The evidence here raises the issue only under that article of the statute which makes any person a prin-

cipal who advises or agrees to the commission of an offense and who is present when same is committed. The converse of this should also be charged. In this case no converse was submitted. We say this in view of the possibility of another trial.

For the error discussed the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.