DREW STORY V. STATE.

No. 24397. June 24, 1949.

542

*Vickers & Vickers,* Lubbock, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

HAWKINS, Presiding Judge.

Appellant was convicted upon a charge that on or about June 14, 1948, in Lubbock County, Texas, he unlawfully exploded "an injurious substance, to-wit, dynamite, with a malicious intent wrongfully to injure the property of Texas, New Mexico and Oklahoma, Coaches, Inc.", and his punishment was assessed at five years in the penitentiary.

The evidence shows there was a strike in progress by a certain class of employees of the Texas, New Mexico and Oklahoma Coaches, Incorporated, in Lubbock, Texas. On the night of June 14, 1948, dynamite was exploded in one of the rooms of this bus station, causing damage to property of the bus company.

Clyde Lomax, an admitted accomplice, testified and made out a complete case against appellant, but it is appellant's contention that there is no sufficient corroborative evidence under the requirement of our statute and that the trial court should have directed a verdict of acquittal.

Article 718, C. C. P., provides as follows:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

The test as to the sufficiency of the corroboration, long recognized as correct by our court, is to eliminate from consideration the evidence of the accomplice witness, and then examine the evidence of the other witnesses with the view to ascertain if there be inculpatory evidence, that is, evidence of incriminating character which tends to connect the defendant with the commission of the offense. If there is, the corroboration is sufficient, otherwise it is not. Durham v. State, 106 Tex. Cr. 85, 290 S. W. 1092, and cases cited therein; Fitzgerald v. State, 140 Tex. Cr. R. 359, 145 S. W. (2d) 190; Hochman v. State, 146 Tex. Cr. R. 23, 170 S. W. (2d) 756, 171 S. W. (2d) 130. Applying the foregoing rule in the present instance, we find the claimed

corroboration of the accomplice witness Lomax only as fol-. lows: (1) The bus station was bombed about midnight on June 14, 1948, without any identification whatsoever as to who did it. (2) Rudy Green, who lived in Hobbs, New Mexico,. approximately 100 miles from Lubbock, owned a green Frazer sedan. On the night of June 14, 1948, he loaned this car to Lomax, who said he "wanted to fill a date." Green saw no one with Lomax when he got the car. (3) Two officers of Hobbs, New Mexico, testified that about 8:30 on the night of June 13, 1948, they saw Lomax and appellant in a green Frazer sedan belonging to Rudy Green; that they were at a stop sign in Hobbs; that the officers followed them east to the state line. (4) Two parties in green Kaiser sedan between 1:00 and 3:00 o'clock in the morning, sometime in June, 1948, bought five gallons of gasoline from a Mr. Sivage at a point 78 miles west of. Lubbock. The witness Sivage saw only one man get out of the car and testified that he was the "third man on that side of the table." The record is silent as to who said "third man" was. (5) The witness Tingle, who lived at Plains, 72 miles southwest from Lubbock, testified that about. June 14, 1948, between 1:00 and 3:00 o'clock in the morning, he sold some gasoline to parties in a new green Frazer or Kaiser, and said the party to whom he sold it was the "third man" at the table, but said man is not shown by the record to have been the defendant. (6) Mrs. Erma Overstreet, a waitress in a cafe at Denver City, 85 miles southwest of Lubbock, served breakfast to two men,—one tall, thin and wearing a dark suit, the other not described—around 4:00 or 5:00 o'clock in the morning on June 14, 1948, and one of these men changed a $100.00 bill. She was unable to identify either of the men.

Not one other word of even claimed corroborating evidence have we been able to find in the record. No one testified to having seen either Lomax or appellant in Lubbock on the night in question, nor to seeing there the green sedan. The nearest any witness puts either of the parties to Lubbock when they were seen together is 78 miles, even if it be assumed that the witnesses pointing out the "third man" at the table designated the appellant. Lomax had testified that he was given a $100.00 bill by a man named Miller for his services and that the bill changed at the cafe in Denver City was the one he received, but the witness who testified about changing the bill could not identify either of the parties, and this leaves the evidence of Lomax uncorroborated, even on that point.

We do not undertake to review the cases cited by appellant which amply sustain his contention that no corroborating evi-

dence may be found which tends to connect appellant with the commission of the offense. We cite the authorities. Chambers v. State, (Tex. Cr. R.) 44 S. W. 495; Randall v. State, 132 Tex. Cr. R. 174, 103 S. W. (2d) 743; McInnis v. State, 122 Tex. Cr. R. 128, 54 S. W. (2d) 96; Willard v. State, 130 Tex. Cr. R. 83, 92 S. W. (2d) 251; Rubio v. State, 121 Tex. Cr. R. 621, 50 S. W. (2d) 294; Hamilton v. State, 122 Tex. Cr. R. 424, 55 S. W. (2d) 820; Crawford v. State, 149 Tex. Cr. R. 581, 197 S. W. (2d) 575.

The judgment is reversed and the cause remanded.