confinement in the state penitentiary for two years.

The State's Attorney before this court has filed a brief herein which seems to have advised a proper disposal of this case, and we adopt the same as follows:

"Appellant appeared to be in love with a woman named Alice Underwood, and while he was a married man, was attempting to get this lady to live with him. He was jealous of another man whom she subsequently married. Alice Underwood lived in a small house which belonged to her. Her daughter, a young woman about sixteen years of age, and a younger son lived with her.

"Appellant had been threatening to burn Mrs. Underwood's house, and perhaps to kill her. He was at her house and drunk and raising a disturbance the afternoon or evening before the fire. On this occasion she got two knives away from him, which he was threatening to use on her, and being frightened by him, she decided to take her children and spend the night with her daughter's fiance.

"That night, shortly before the fire, appellant was seen in the vicinity of the Underwood house. A very short space of time, less than half an hour, after he was seen in the vicinity of the Underwood house, it burst out in flames and was burned.

"There are a number of bills of exception in the record, but appellee is of the opinion that the corpus delicti of arson is not established by the testimony and that the case will have to be reversed for insufficiency of the evidence."

It appears from a study of the record that no one saw appellant set the house afire; neither did anyone testify that such house was set afire; but circumstances alone are relied upon. There seems a strong possibility that same could have caught afire from a heater or pilot light therein.

While we have motive and the declaration of an intent, such being useful, still such is not conclusive of guilt. See Massey v. State, Tex.Cr.App., 226 S.W.2d 856; Duncan v. State, 109 Tex.Cr.R. 668, 7 S.W.2d 79; Zepeda v. State, 139 Tex.Cr. R. 258, 139 S.W.2d 820; Burris v. State, Tex.Cr.App., 227 S.W.2d 538.

In the motion for a new trial appellant charged the jury with misconduct in that it was shown that some of the jurors failed to understand or remember the testimony correctly; that if they had correctly remembered such testimony, some of them testified that they would not have voted for a verdict of guilt. A juror cannot thus be allowed to impeach his verdict. See Hill v. State, Tex.Cr.App., 217 S.W. 2d 1009, and cases there cited;

For the lack of proof that the fire which destroyed this house was of incendiary origin, the judgment will be reversed and the cause remanded.

## GOODE v. STATE.
### No. 24941.

Court of Criminal Appeals of Texas.

Nov. 1, 1950.

No attorneys, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

584

GRAVES, Associate Justice.

Appellant plead guilty to driving an automobile upon a public highway while intoxicated and was by the court fined $250 and sentenced to serve 10 days in the county jail; and evidently being dissatisfied with such verdict, he appeals.

There are no bills of exception in the record, and the statement of facts show the drunken condition of the appellant at the time he had a collision with another car on a public highway.

The judgment is affirmed.