VERNON GOODWIN V. STATE

No. 29,004. November 13, 1957.
State's Motion for Rehearing Overruled
(Without Written Opinion) December 11, 1957.

*McDonald & Anderson,* by *C. C. McDonald,* Wichita Falls, for appellant.

*A. W. Davis,* District Attorney, Paducah, and *Leon Douglas,* State's Attorney, Austin, for the state.

ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge.

Our former opinion affirming the judgment of the trial court is withdrawn and the following is substituted:

The conviction is for the offense of being an accomplice to the crime of attempted arson; the punishment, two years in the penitentiary.

One who wilfully attempts to burn the house of another is guilty of the offense of attempt at arson (Art. 1316, P.C.)

An accomplice is one who is not present at the commission of an offense but, before the act is done, advises, commands, or encourages another to commit the offense.

The indictment in this case charged that George R. (Jack) Nesbit and Stanley Clinton Stewart, Sr., wilfully attempted to burn a building owned by W. C. Briggs and that, prior thereto, the appellant, who was not present when the offense was committed, unlawfully advised, commanded, and encouraged said parties to commit said offense.

The essential elements to be proved in order to convict, then, are that Nesbit and Stewart attempted to wilfully burn Brigg's building; that, prior thereto, the appellant advised, commanded, and encouraged them to do so; and that appellant was not present when said parties attempted to burn the building.

The sufficiency of the evidence is challenged.

The state's evidence shows that the appellant owned and operated an implement business in the city of Paducah known as the Goodwin Implement Company. On the morning of September 17, 1956, about two o'clock, a.m., Stanley C. Stewart and Jack Nesbit were discovered in the implement company building and arrested by Night Watchman Martin. Upon their arrest, Nesbit advised the officers that they had poured gasoline in the building with the intention of burning it and had set a device in the building with which to ignite the fire. In the investigation, which immediately followed, it was discovered that a large quantity of gasoline had been poured on the floor and strong gasoline fumes were detected in the building. An extension cord which was plugged in the wall near an air compressor and dropped down on the floor and a light globe and box of matches nearby were also found in the building.

Both Stewart and Nesbit testified for the state and swore that the appellant had hired them to burn the building.

They testified, in substance, that around the latter part of August, 1956, a man by the name of Raymond McClendon contacted them in Fort Worth about burning a building in Paducah which he stated belonged to the appellant; that pursuant to the conversation they went to Paducah and contacted the appellant, at which time he agreed to pay them $1,500 to burn the building; that appellant wanted the building burned on a Sunday night approximately ten days later, but that it was not burned at that time because of a telephone call received by Nesbit in Fort Worth from the appellant in Paducah on the 8th or 9th of September, in which telephone conversation the appellant stated: "My insurance is not straightened up yet;" that about a week later Nesbit received a second long distance telephone call from Paducah in which the person calling said everything was "all right, the insurance was in force, and to come on Sunday night;" that they then went to Paducah from Fort Worth on Sunday night and after going to Raymond McClendon's home, where he gave Nesbit a key to the front door of the building, they left their automobile and then walked to the building about three blocks away where Nesbit gained entrance through the front door by use of the key; that they were apprehended by Martin, the night watchman, after they had poured gasoline on the floor and plugged in the extension cord preparatory to ultimately burning the building by causing a box of matches to ignite from the light bulb placed thereon.

Nesbit testified that after his and Stewart's arrest and while being taken to Austin by the sheriff and a state ranger, he threw the key to the building out of the automobile; and that after he told the officers of his disposition of the key he made another trip toward Austin with the officers to search for the key and, in the vicinity where he had thrown it, the ranger found a key similar thereto in color and length and which, upon their return to Paducah, was found to fit the lock on the door to the implement company building.

The sheriff testified that the accomplice witnesses told him that they had gambled with the appellant and, as a result, he owed and was indebted to them in the sum of $6,500; that they "couldn't collect their money, that they'd talked to him several times, and that they were burning him out to get revenge * * * because he owed them $6,500 * * *."

This statement on the part of the accomplice witnesses was directly contrary to their testimony upon the trial of the case to the effect that they were attempting to burn the building at the hiring of he appellant.

Moreover, the reference to having talked with appellant about his gambling debt could have been the subject of the telephone calls to which they testified.

Appellant did not testify or offer any evidence in his behalf.

It is upon these facts that this conviction rests.

There is no question but that the facts abundantly establish the guilt of Nesbit and Stewart of attempting to commit arson; they were caught in the act.

Nesbit and Stewart were therefore accomplice witnesses, and their testimony, alone, cannot show appellant's guilt.

For appellant to be guilty, then, the testimony of the aforesaid witnesses must be corroborated by other evidence tending to connect appellant with the offense charged. Art. 718, C.C.P.

An examination of the evidence other than and outside of that of the accomplice witnesses becomes necessary. We therefore look to the testimony relative to the key to the building which the accomplice Nesbit testified was furnished him by McClendon.

McClendon did not testify as a witness in the case. There is an entire absence of any testimony that he came into the possession of the key from the appellant.

The testimony of the accomplices showed that McClendon was so connected with the crime as to make him an accomplice witness, which fact would have required corroboration of his testimony had he testified in the case.

Any statement by McClendon that the key belonged to the appellant was that of an accomplice and, being uncorroborated, was insufficient to establish that the key was furnished by appellant. Moreover, one accomplice cannot corroborate another.

There being no testimony corroborative of the fact that it was the appellant who talked with the accomplice witness Nesbit, it cannot be said that the testimony is sufficient to warrant the conclusion that appellant had the telephone conversations, as claimed.

The fact that the property in the building was insured was admissible upon the question of intent or motive to burn the building.

But, as we said in Massey v. State, 154 Texas Cr. Rep. 263, 226 S.W. 2d 856, and Hall v. State, 155 Texas Cr. Rep. 235, 233 S.W. 2d 582, motive, alone, is not sufficient to warrant one's conviction for arson. The same rule would apply to the crime of accomplice to arson.

In this connection, it is deemed material to note that there was evidence adduced which showed that appellant's property was not over-insured and that he, appellant, would have suffered a financial loss had the property been destroyed by fire.

We are constrained to agree with appellant that the facts are insufficient to corroborate the accomplice testimony. In support of that conclusion, the case of Weatherred v. State, 100 Texas Cr. Rep. 199, 272 S.W. 471, is here referred to.

The question as to the variance between the allegations and proof to the effect that all the state's testimony showed appellant guilty of the offense of accomplice to the completed crime of arson rather than that of accomplice to an attempt to commit arson is not reached or decided.

Appellant's motion for rehearing is granted, and the judgment is reversed and the cause remanded.