CLEVE BROOKS, JR. V. STATE.

No. 30,622. October 28, 1959.
Motion for Rehearing Overruled December 9, 1959.

DAVIDSON, Judge, dissented.

*Donald Eastland* and *Bob Bullock,* Hillsboro, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is arson; the punishment, 5 years.

The sole question presented is the sufficiency of the evidence to corroborate the accomplice witness.

One Stewart testified that he was 19 years of age and that the appellant was 29 or 30; that on the day of the fire he and the appellant had been drinking; that late that night the appellant suggested they go to a skating rink and burn it down because "They won't let us colored folks skate;" that the two of them went to Bennett's Drive In for the purpose of buying kerosene; and that on the way he picked up a half gallon milk jar which they took into the store and had filled with kerosene. Stewart testified further that he and the appellant proceeded to the northeast corner of the skating rink where he poured the kerosene over part of the canvas side wall; the appellant tried to ignite the same with his cigarette lighter, and when it failed to work the witness lighted the same with matches; then the witness threw the milk jar in a nearby ditch, and after the fire got started the two left the scene.

In order to corroborate the above testimony, the state relied upon the witness Maxwell, a clerk at Bennett's Drive In, who knew both Stewart and the appellant, and who testified that a short while before the fire the appellant and Stewart came into his store together; that they bought half a gallon of kerosene, "I made the sale to them, Stewart paying for the same; that he put the kerosene in a half gallon milk jar which they brought with them; and that they made no other purchases and left the store in two or three minutes." He further testified that the skating rink was in the same block as his store.

Various peace officers and firemen testified that they detected the odor of kerosene on bits of charred canvas and also on matches found at the northeast corner of the skating rink and that in a nearby ditch they found the broken remains of a half gallon milk jar with kerosene on it also. The broken parts when pieced together were identified by the witness Maxwell as being

of the same type as the one he had filled for the appellant and Stewart.

There was some slight discrepancy in the testimony as to the time. Stewart did not have a watch. Maxwell stated that he heard of the fire approximately thirty minutes after he made the sale of the kerosene.

Appellant points to the fact that Maxwell was unable to testify that when Stewart and the appellant left the store together they proceeded in the same direction, and relies, among other cases, upon Weatherred v. State, 100 Texas Cr. Rep. 199, 272 S.W. 471.

It must be borne in mind that Weatherred, like our recent case of Goodwin v. State, 165 Texas Cr. Rep. 375, 307 S.W. 2d 264, involved the offense of being an accomplice to the crime of arson, while the case at bar is arson. Judge Lattimore's illustration merely pointed out that evidence such as we have before us here would have weight in a case like this, but would be of no probative value in a case like Weatherred where the accused was charged as an accomplice. The court was clearly not endeavoring to write a blueprint of what evidence would be required in order to sustain a conviction.

The facts, of course, are not the same in any two cases, and it would add nothing to the jurisprudence of the state to attempt to differentiate each of the cases cited by the appellant from the case at bar; but we have concluded that evidence that the appellant purchased kerosene in a certain type of container a short while before the fire within the same block as the burned premises, together with the evidence that kerosene was used to ignite the fire and that a similar container was found near the point of ignition, would be sufficient to corroborate the accomplice witness who testified that the appellant accompanied him from the store and assisted him in igniting the premises.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

DAVIDSON, Judge, (dissenting).

The evidence is insufficient to corroborate the testimony of the accomplice and admitted arsonist, Stewart.

If the evidence of the accomplice is eliminated from con-

sideration and the evidence of other witnesses examined (as in the rule announced in Story v. State, 153 Texas Cr. Rep. 541, 221 S.W. 2d 917) to ascertain if there be inculpatory evidence —that is, evidence of incriminating character which tends to connect the defendant with the commission of the offense—the insufficiency of the corroboration is established.

Outside of and other than the testimony of the accomplice, it is sufficiently shown that the offense of arson was committed by someone setting fire to the building with the use of kerosene, and that about 9:45 o'clock, p.m., prior to the discovery of the fire thirty minutes later, the accomplice and the appellant went to a grocery store and purchased ten cents' worth of coal oil in a half-gallon milk bottle which the accomplice had with him. The witness who waited upon them said that "It was John Henry that purchased the coal oil and John Henry is the one that paid me," the reference being to John Henry Stewart. After completing the purchase, the accomplice Stewart and the appellant left the grocery store togther.

Appellant is not seen after he left the grocery store.

Approximately twenty feet from the corner of the building where the fire started, pieces of a broken milk bottle were found in a creek bed. These pieces smelled of kerosene and one of the pieces was identified as being the neck of a half-gallon milk bottle.

The witness who sold the coal oil was unable to identify the broken pieces as being any part of the bottle into which he had poured it.

Some matches which smelled of kerosene were found at the corner of the building where the fire started.

The foregoing is all the testimony relied upon to corroborate the accomplice witness.

The accomplice witness' further testimony, uncorroborated, was that after leaving the store with the coal oil he and appellant went to the building; that after he (Stewart) had poured the kerosene on the building he struck a match and applied it to and set fire to the building; and that appellant was present and assisted him in the commission of the crime. The accomplice also testified that he threw the milk bottle into a ditch

500

after the fire started. He was unable to say whether the bottle broke when he did so.

In its final analysis, then, the state relies to corroborate the accomplice upon proof that appellant was present in the grocery store when the kerosene used to set fire to the building was purchased and that he (appellant) left the grocery store with him, about a half hour before the fire, carrying the bottle of oil.

The finding of the broken milk bottle served only to corroborate the accomplice's testimony that he burned the building with the coal oil purchased at the grocery store. Other than that fact there is no testimony besides that of the accomplice which placed appellant at the scene of the fire or connects or tends to connect him therewith.

The absence of any corroborating evidence placing appellant at the scene of the fire or showing motive for the crime is in appellant's favor.

The test for determining whether an accomplice witness is corroborated is that the evidence relied upon must go further than to merely show the commission of the offense; it must also tend to connect the defendant with its commission. Corroboration means more than mere suspicion or what-might-have-been; it must tend to establish the guilt of the accused.

The corroborating evidence here relied upon does not meet the demands of the law and it is therefore insufficient. See Story v. State, supra, and authorities there cited.

I respectfully dissent to the affirmance of this case.