**Joe Floyd UMSTED, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41588.**

Court of Criminal Appeals of Texas.

Dec. 11, 1968.

Ochsner, Nobles & Baughman by Harold W. Ochsner, Amarillo, for appellant.

William Hunter, Dist. Atty., Dalhart, and Leon B. Douglas, State's Atty., Austin, for the State.

### OPINION

BELCHER, Judge.

The conviction is for arson; the punishment, nine years.

The appellant challenges the sufficiency of the evidence to corroborate the testimony of the accomplice witness Floyd Lebow.

Edward Wesley Hartsfield, Floyd Ray Lebow and the appellant were jointly indicted in this cause. Following a severance, this trial was had after Lebow pleaded guilty and his five-year sentence was probated.

The appellant and Floyd Lebow both resided in Amarillo. Lebow testified for the state at appellant's trial substantially as follows: that he was hired by the appellant and Hartsfield to burn a market and grocery store which they owned and operated in Hereford; and that appellant told him the Internal Revenue were wanting a lot of money from him and they were losing money on the store. On February 5, 1967, after Lebow had agreed to burn the store, the appellant and Hartsfield told him that they wanted the store burned that night. About 9 p.m., the appellant and Lebow in one car and Hartsfield in another met on the outskirts of Amarillo and discussed the fire. Lebow was told that a fire would be started near the Hereford Airport in order to divert the fire department, and when he had heard the fire siren to start the fire in the store. They went to Hereford and appellant and Lebow entered the store. Appellant instructed Lebow how to start the fire with a can of gasoline which was already in the store and told him he would pick him up five or ten minutes later at a nearby service station. The fire was ignited prematurely after Lebow had spread some gasoline, and Lebow was severely burned.

The state relies upon the following testimony to corroborate that of Lebow:

The store building which was destroyed by fire was leased by the appellant and Hartsfield. They were in critical financial circumstances. One wholesaler had placed them on a cash basis. They owed federal taxes and a federal tax lien had been filed against them. One time a revenue officer

seized the contents of the cash register in the store. In January, 1967, they were advised that if the federal taxes were not paid in a reasonable time the contents of the store would be seized and sold. On January 25, 1967, a bank in Amarillo who had a lien on all the fixtures gave notice it would foreclose beginning February 6, unless past due payments were made. The payments were not made. The appellant had taken out $20,000 in insurance on the contents of the store against fire and other damage in November, 1966, which was paid for by check on February 2, before the fire on February 5, 1967. The value of the fixtures and other contents was placed at approximately $7,000 to $8,000. No loss provisions were in the policy in favor of the lienholders. The next morning after the fire, the appellant told one of the co-owners of the store that he did not have any insurance.

The methods of entering the store were shown as Lebow had testified. The grass fire near the airport occurred about the time of the fire in the store. Deputy Sheriff McPherson, while directing traffic, saw Hartsfield driving an automobile on the highway away from Hereford. McPherson told Hartsfield that his store in Hereford was on fire. After three to five minutes McPherson told Hartsfield, who had parked beside the road, that he ought to go back to the fire and Hartsfield then turned and went back toward Hereford.

Other than the testimony of Lebow, there was opinion testimony offered by the state that both fires were of incendiary origin.

The appellant did not testify, but offered testimony that he was in Amarillo at the time of the fire.

Art. 38.14, Vernon's Ann.C.C.P., provides:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

The rule as to the sufficiency of the evidence to corroborate the testimony of an accomplice witness which is here applicable was stated by Judge Hurt in Welden v. State, 10 Tex.App. 400, 401, and is quoted in Masten v. State, Tex.Cr.App., 20 S.W.2d 780, and Medley v. State, 170 Tex. Cr.R. 78, 338 S.W.2d 474, as follows:

"The accomplice must be corroborated by the evidence of some other witness, and this corroboration must be by proof of some fact tending to connect the defendant with the commission of the offense. The accomplice may state any number of facts, and these facts may all be corroborated by the evidence of other witnesses; still, if the facts thus corroborated do not tend to connect the defendant with the crime, or if they do not point pertinently to the defendant as the guilty party or as a participant, this would not be such corroboration as is required by the code. We suggest this mode as a proper test: Eliminate from the case the evidence of the accomplice, and then examine the evidence of the other witness or witnesses with the view to ascertain if there be inculpatory evidence— evidence tending to connect the defendant with the offense. If there is, the accomplice is corroborated; if there is no inculpatory evidence, there is no corroboration, though the accomplice may be corroborated in regard to any number of facts sworn to by him."

2 Branch (2d), 45, Sec. 748, reads as follows:

"The corroboration of the accomplice testimony must be effected by evidence other than that of the accomplice witness; the facts to be corroborated must tend to connect such defendant directly

and immediately with the commission of the offense charged. (Cases cited.)"

See also: Weatherred v. State, 100 Tex.Cr.R. 199, 272 S.W. 471; Baker v. State, 116 Tex.Cr.R. 5, 28 S.W.2d 166; Story v. State, 153 Tex.Cr.R. 541, 221 S.W.2d 917.

In Goodwin v. State, 165 Tex.Cr.R. 375, 307 S.W.2d 264, this court said:

"The fact that the property in the building was insured was admissible upon the question of intent or motive to burn the building.

"But, as we said in Massey v. State, 154 Tex.Cr.R. 263, 226 S.W.2d 856, and Hall v. State, 155 Tex.Cr.R. 235, 233 S.W.2d 582, motive, alone, is not sufficient to warrant one's conviction for arson."

■ A careful search of the record reveals no evidence, excluding the testimony of Lebow, that the appellant or his car was seen in Hereford at anytime on the day or night of the fire; that the appellant and Lebow were at anytime seen together or communicated with each other in any manner; or that Lebow needed money and afterwards had money or paid any bills about the time of the fire.

The testimony of the state raises a strong suspicion or probability of appellant's guilt, but such does not constitute proof of his guilt.

The evidence is not sufficient to corroborate the testimony of the accomplice witness. This being true, the mandatory provisions of Art. 38.14, supra, prohibit this court from permitting the conviction to stand.

In view of the above holding, it is deemed unnecessary to consider the other grounds of error presented.

The judgment is reversed and the cause is remanded.

MORRISON, Judge (concurring).

I agree that the evidence is insufficient to support the conviction, but observe that, if guilty, appellant is guilty as an accomplice to the crime of arson—not as a principal. See Schwartz v. State, 158 Tex.Cr.R. 171, 246 S.W.2d 174.