Reversed and Acquitted and Memorandum Opinion filed April 10, 2008








Reversed and
Acquitted and Memorandum
Opinion filed April 10, 2008.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00511-CR

____________

 

DEBRA H. HODGE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 268th
District Court

Fort Bend County, Texas

Trial Court Cause No. 44,498

 



 

M E M O R A N D U M   O P I N I O N








Appellant,
Debra H. Hodge, was found guilty by a jury of engaging in organized criminal
activity and was sentenced to two years= confinement, probated for two
years.  On appeal, appellant complains that: (1) the evidence is insufficient
to corroborate the accomplice testimony; (2) the trial court erred in allowing
the State to amend the indictment on the day of trial; and (3) the trial court
erred in denying appellant=s request for an additional 10 days to prepare for trial
after the indictment was amended.  Because we hold that the accomplice
testimony was insufficiently corroborated, we reverse the conviction and render
judgment of acquittal.

BACKGROUND

On June 12, 2006, appellant and twelve co-defendants were
charged with theft and engaging in organized criminal activity.  The charges
stem from 32 fraudulent checks mailed to the Attorney General=s Office in a
scheme to fraudulently obtain funds from the state.  The criminal scheme was
premised on a particular deficiency in the Texas child support system. 
Generally, a non-custodial parent required to pay child support mails the
payment to the Attorney General=s Office.  The check is scanned upon
receipt.  Immediately, the state sends a second check, drawn by the Texas
Comptroller=s Office, to the custodial parent in the amount made
by the non-custodial parent.  The state, at the time the instant crime was
comitted, did not first verify the non-custodial parent=s payment before
sending the second check to the custodial parent.  Thus, a non-custodial parent
could submit a check drawn on an account with insufficient funds, and the
custodial parent would receive a check from the state and cash it before the
Attorney General=s Office discovered that the original
check was insufficient.  Tonya Jackson, a co-defendant and the organizer of the
instant criminal scheme, utilized this information to devise a plan to defraud
the Attorney General=s Office and fraudulently obtain funds
from the state. 








Jackson approached the co-defendants and appellant to
enlist their participation in a similar fraudulent scheme.  Jackson sought out
custodial parents receiving child support and individuals willing to open
checking accounts to be used to obtain fraudulent child support payments. 
According to Jackson, appellant agreed to open a checking account and to
furnish temporary checks.  Jackson testified that appellant opened two checking
accounts, the first at 1st Convenience Bank and the second at Hibernia Bank, and
provided Jackson with temporary checks to be mailed into the Attorney General=s Office as
fraudulent child support payments.  Jackson further testified that appellant
received $50.00 for opening the bank account at Hibernia Bank.  On appellant=s Hibernia Bank
account, a forged temporary check in the amount of $2,500.00, purporting to be
a child support payment, was submitted to the Attorney General=s Office.  The
state issued a check in turn, which was cashed.  According to Jackson,
appellant received an additional $100.00 once the check was cashed. The
$2,500.00 check was returned to the State of Texas due to insufficient funds.[1]


Fontella Scott, another co-defendant, testified at trial
that she was approached by Jackson to participate in the same criminal scheme. 
Scott testified that appellant confirmed on the telephone that she was going to
open a checking account for the purpose of giving Jackson the checks to use in
the criminal scheme.  According to Scott, she and appellant met at Scott=s residence, and
appellant confirmed that she had opened the checking account.   Scott also
testified that appellant received $50.00 from Jackson for opening the bank
account.  Minnie Waddle, a childhood friend of Jackson, Scott, and appellant,
testified that she observed Jackson and appellant talking in a car together on
two separate occasions.








Colleen Adams, an investigator with the Attorney General=s Office,
testified about the particular deficiency in the child support system that
allowed the instant crime to occur.  Adams also testified that she suspected
appellant=s involvement based on her investigation and
conversations with Jackson and Scott.   David Schultz of the Fort Bend County
Sheriff=s Department
testified that he investigated the instant crime and learned of appellant=s involvement
based on his discussions with Adams, Jackson, and Scott.   Schultz testified
that appellant told him, when questioned about the $2,500.00 check, it must
have been stolen.  Schultz confirmed with Hibernia Bank that appellant did not
report any checks stolen.  Joe Jeffry of Hibernia Bank testified that appellant
opened a checking account with the bank, which became overdrawn within eleven
days.  Jeffry testified that the $2,500.00 temporary check used in the crime
was drawn on appellant=s Hibernia bank account; however, the
temporary check was a forgery and did not contain appellant=s personal
information, handwriting, or signature. 

Appellant was arrested for her alleged involvement in the
crime.  The original indictment alleged that appellant, by committing the overt
act of Aopen[ing] a
checking account at Hibernia Bank,@ engaged in
organized criminal activity and committed theft.  On May 15, 2007, the State,
over appellant=s objection, amended the indictment, changing
appellant=s overt act of Aopen[ing] a
checking account at Hibernia Bank@ to Aopen[ing] and/or
allow[ing] the use of and/or provid[ing] checks for use from a checking account
at Hibernia Bank and/or First National Bank and/or 1st Convenience Bank.@  Appellant=s request for an
additional 10 days to prepare for trial in light of the amendment was denied. 
The jury found appellant guilty as alleged in the amended indictment and
sentenced appellant to two years= imprisonment,
probated for two years.  

On appeal, appellant raises three issues: (1) the evidence
does not sufficiently corroborate the accomplice testimonies of Jackson and
Scott; (2) the trial court erred in allowing the State to amend the indictment
on the day of trial; and (3) the trial court erred in denying appellant=s request for an
additional 10 days to prepare for trial after the indictment was amended.

ANALYSIS

Corroboration of Accomplice Testimony








In appellant=s first issue, she
argues that there is insufficient evidence to corroborate the accomplice
testimonies of Jackson and Scott.  It is well-established that a conviction
based upon the testimony of an accomplice must be sufficiently corroborated by
other nonaccomplice evidence.  Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon
2005).  As co-indictees, Jackson and Scott are accomplices as a matter of law.[2] 
See Burns v. State, 703 S.W.2d 649, 651 (Tex. Crim. App. 1985); Nolley
v. State, 5 S.W.3d 850, 853 (Tex. App.CHouston [14th Dist.]
1999, no pet.).  Therefore, each of their testimonies must be corroborated by
other nonaccomplice evidence connecting appellant to the crime.  Tex. Code
Crim. Proc. Ann. art. 38.14; Nolley, 5 S.W.3d at 852-53.  In our review,
we eliminate all accomplice testimony from consideration and examine the
remaining portions of the record for any evidence tending to connect appellant
with the commission of the crime.  Castillo v. State, 221 S.W.3d 689,
691 (Tex. Crim. App. 2007); Munoz v. State, 853 S.W.2d 558, 559 (Tex.
Crim. App. 1993). 
Nonaccomplice evidence need not directly link the accused to the crime or
establish guilt beyond a reasonable doubt.  Hernandez v. State, 939
S.W.2d 173, 176 (Tex. Crim. App. 1997).  No precise rule can be formulated
regarding the amount of evidence required to sufficiently corroborate the
testimony of an accomplice witness; each case must be decided upon its own
facts and circumstances.  Dowthitt v. State, 931 S.W.2d 244, 249 (Tex.
Crim. App. 1996).  In determining the sufficiency of corroboration, we must
view the corroboration evidence in the light most favorable to the jury=s verdict.  Torres v. State,
137 S.W.3d 191, 196 (Tex. App.CHouston [1st Dist.] 2004, no pet.); Cantelon v. State,
85 S.W.3d 457, 461 (Tex. App.CAustin 2002, no pet.).  Furthermore, if the State fails to
produce some nonaccomplice evidence tending to connect the accused to the offense,
the accused is entitled to an acquittal.  Tex. Code Crim. Proc. Ann. Art. 38.17; Taylor v. State,
10 S.W.3d 673, 685 (Tex. Crim. App. 2000).   








At
trial, Jackson=s and Scott=s testimonies furnished a complete case against appellant. 
Specifically, they testified that appellant knowingly participated in the
scheme to defraud the Attorney General=s Office.  According to these
accomplices, appellant agreed to open a checking account and provide Jackson
with checks to be used as fraudulent child support payments.  The State
presented several pieces of evidence to corroborate Jackson=s and Scott=s testimonies: (1) testimony from
Colleen Adams from the Attorney General=s Office and David Schultz from the
Fort Bend County Sheriff=s Department; (2) testimony from Minnie Waddle; (3) the
forged check used in the scheme; and (4) testimony from Joe Jeffry of Hibernia
Bank.  Adams and Schultz testified about check scams in general and the
deficiency in the Attorney General=s child support system that allowed a
criminal scheme, such as the instant one, to occur.  Adams and Schultz had no
personal knowledge, outside of the accomplices= statements, of facts connecting
appellant to the commission of the crime.  See Young v. State, 95 S.W.3d
448, 452 (Tex. App.CHouston [1st Dist.] 2003, pet. ref=d) (holding that the State failed to
sufficiently corroborate informant=s testimony where the arresting
officer explained generally how informants are used, but failed to personally
perceive any facts that connected the accused to the crime).  Additionally,
Waddle, a childhood friend of both accomplices and appellant, testified that
she observed appellant with Jackson on two occasions.  Appellant=s association with Jackson is not
evidence tending to connect her with the crime.  See Dowthitt, 931
S.W.2d at 249 (holding that the mere presence of an accused in the company of
the accomplice does not corroborate accomplice testimony); Wincott v. State,
59 S.W.3d 691, 700 (Tex. App.CAustin 2001, pet. ref=d) (rejecting the State=s effort to equate guilt by
association with corroboration).  








The
$2,500.00 forged check shows that a fraudulent child support payment was made
to the Attorney General=s Office.  Evidence merely showing the commission of a crime
is not sufficient corroboration.  Tex. Code Crim. Proc. Ann. Art. 38.14.  Jeffry=s testimony, coupled with the
fraudulent check, shows that: (1) appellant=s check was used in the criminal
scheme; (2) the check was forged; and (3) appellant did not report the forged
check stolen.  The extent of appellant=s connection to the crime is based on
these pieces of evidence.  We must determine whether the forged check and
Jeffry=s testimony tends to connect
appellant to the commission of the instant crime.  The phrase Atending to connect@ has been interpreted as Ato serve, contribute or conduce in
some degree or way . . . to have a more or less direct bearing or effect;@ and while not contemplating
conjecture, Ahas a tendency to prove the averments in the indictment.@  Holladay v. State, 709
S.W.2d 194, 198 (Tex. Crim. App. 1986).  Furthermore, if the accomplice witness
states a number of facts that are corroborated by evidence of other witnesses,
but these corroborated facts do not tend to connect the accused to the crime,
the requirements of article 38.14 are not met.  Losada v. State, 721
S.W.2d 305, 308 (Tex. Crim. App. 1986).  If it appears that there was proof
before the jury confirming the testimony of the accomplice to material
facts tending to connect the accused with the commission of the
offense, the law is satisfied.  Thompson v. State, 621 S.W.2d 624, 629
(Tex. Crim. App. 1981) (citing Minor v. State, 299 S.W. 422 (1927))
(emphasis added); see also Wincott, 59 S.W.3d. 699.








Here,
the nonaccomplice evidence, the forged check and Jeffry=s testimony, does not meet the
requirements of article 38.14 because it fails to corroborate an incriminating
fact or a fact connecting appellant to the commission of the crime.  Instead,
this evidence shows only that appellant=s forged check was used in the
scheme, not that appellant was connected to the criminal scheme.  Evidence that
provides corroboration of Amere details@ of the accomplice testimony is not sufficient if it does not
corroborate a fact that tends to connect the accused to the commission of the
offense.  Beathard v. State, 767 S.W.2d 423, 428 (Tex. Crim. App.
1989).  There is a line of cases stating that evidence corroborating a Amere detail@ of an accomplice=s testimony meets article 38.14
requirements.[3]  In asserting
this proposition, these cases rely on an isolated statement in Beathard v.
State.   Beathard, 767 S.W.2d at 430 (AIndependent evidence which generally
tends to prove that an accomplice witness= version of events is true, rather
than the version given by the defendant, is considered corroborative, even if
it concerns a mere >detail,= as opposed to a substantive link between the defendant and
commission of the offense.@).   Taken out of context, this statement seems to minimize
the amount of corroborating evidence necessary under article 38.14.  We do not
read Beathard as altering downwards the quality of evidence needed to
corroborate accomplice testimony.  Corroboration of any detail does not
necessarily provide sufficient corroboration under article 38.14.  See
Losada, 721 S.W.2d at 308 (stating that corroboration of a fact must be one
that connects the accused to the commission of the crime); Simmons v. State,
205 S.W.3d 65, 73 (Tex. App.CFort Worth 2006, no pet.) (evidence that merely provides
corroboration of Adetails@ of the accomplice=s testimony is not sufficient if it
does not corroborate a fact that tends to connect the defendant to the
offense).  It is the quality of the corroboration, not quantity, that must be
examined to see if sufficient corroboration exists.








The
nonaccomplice evidence in this case raises a suspicion that appellant allowed
the use of her check to be used in the crime; however, even a strong suspicion
is insufficient to corroborate the testimony of an accomplice witness.  See
Umsted v. State, 435 S.W.2d 156, 158 (Tex. Crim. App. 1968); Wincott,
59 S.W.3d at 700.  The forged check and Jeffry=s testimony clearly points a finger
of suspicion at appellant, but fails to corroborate a fact that incriminates
appellant or connects her to the commission of the crime.  See Castaneda v.
State, 682 S.W.2d 535, 538 (Tex. Crim. App. 1984) (stating that evidence
merely pointing the Afinger of suspicion@ at an accused will not suffice as
corroboration under article 38.14); see also Cantelon v. State, 85
S.W.3d 457, 460 (Tex. App.CAustin 2002, no pet.) (stating that corroboration must be to Acriminative facts@).  The nonaccomplice evidence
establishing that appellant=s check was used in the crime, without more, cannot be
regarded as furnishing the necessary corroboration under article 38.14. Because
the state failed to produce nonaccomplice testimony tending to connect
appellant to the instant crime, we sustain appellant=s first issue.  In view of our disposition
of appellant=s first issue, it is not necessary to address appellant=s other issues.  

We
reverse appellant=s conviction and render a judgment of acquittal.  

 

 

/s/        Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered and Memorandum
Opinion filed April 10, 2008.

Panel consists of Chief Justice
Hedges and Justices Anderson and Boyce.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

                                                                  

 

 

 









[1] Jackson also testified that two checks from
appellant=s 1st Convenience checking account
were used to fraudulently obtain additional funds from the state.  However,
those alleged payments were not  discovered and are not apart of the funds
alleged in the indictment in this case.   





[2]  Prior to appellant=s trial, both Jackson and Scott entered into plea agreements with the
State wherein both pleaded guilty to the offense of engaging in organized
criminal activity.  Jackson received five years imprisonment, while Scott
received one day in county jail.  As apart of their plea agreements, both
accomplices testified against appellant at her trial.





[3]  See Smith v. State, No. 02-04-00120-CR, 2005
WL 852144, at *3 (Tex. App.CFort Worth
April 14, 2005, pet. ref=d) (per curiam) (mem. op., not designated for
publication); Reister v. State, No. 08-01-00373-CR, 2003 WL 21291035,
*10 (Tex. App.CEl Paso June 5, 2003, pet. ref=d) (not designated for publication); Davis v. State,
68 S.W.3d 273, 281 (Tex. App.CDallas 2002,
pet. ref=d); Alexander v. State, No. 05-01-01614-CR,
2002 WL 3184837, at *1 (Tex. App.CDallas
December 20, 2002, no pet.) (mem. op., not designated for publication); Buchanan
v. State, No. 05-98-02054-CR, 2001 WL 171090, at *6 (Tex. App.CDallas February 22, 2001, no pet.) (not designated for
publication); Lee v. State, 29 S.W.3d 570, 577 (Tex. App.CDallas 2000, no pet.); Williams v. State, No. 14-97-00085-CR,
1999 WL 130147, at *5 (Tex. App.CHouston
[14th Dist.] March 11, 1999, no pet.) (not designated for publication); Blacklock
v. State, No. 14-93-00330-CR, 1994 WL 416551, at *1 (Tex. App.CHouston [14th Dist.] August 11, 1994, pet. ref=d) (not designated for publication); Moya v. State,
No. 14-91-00660-CR, 1993 WL 123083, at *1 (Tex. App.CHouston [14th Dist.] April 22, 1993, pet. ref=d) (not designated for publication); Jebbia v.
State, No. 14-90-00313-CR, 1991 WL 168685, at *4 (Tex. App.CHouston [14th Dist.] September 5, 1991, pet. ref=d) (not designated for publication); Gonzales v.
State, No. 14-90-00458-CR, 1991 WL 44968, at * 4 (Tex. App.CHouston [14th Dist.] April 4, 1991, pet. ref=d) (not designated for publication).