**Michael Wayne POWELL, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–03–455–CR.**

Court of Appeals of Texas, Fort Worth.

March 17, 2005.

William H. 'Bill' Ray, Law Office of William H. 'Bill' Ray, P.C., Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Michael R. Casillas, Bruce Fyfe

and Myron Davis, Asst. Crim. Dist. Atty's Fort Worth, for Appellee.

PANEL A: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

A jury convicted Appellant Michael Wayne Powell of burglary of a habitation and assessed his punishment at twenty eight years' confinement in the Institutional Division of the Texas Department of Criminal Justice as a habitual offender. The trial court sentenced him accordingly. Appellant brings two points on appeal, arguing that the evidence is both legally and factually insufficient to support his conviction. Because we hold that the evidence is legally insufficient to support the jury's verdict, we reverse the trial court's judgment and render a judgment of acquittal.

## BACKGROUND FACTS

On July 10, 2002, Complainant returned home to find that her house had been broken into, her property had been stacked near the open front door, and her husband's wallet was missing. A vehicle was in Complainant's driveway. Its back window was broken out. Complainant called the police on her cell phone, and while she was on the phone, Appellant approached her, told her to "get the fuck off the phone . . . and [he would] tell [her] what the hell [was] going on," and then left in the vehicle. Complainant recorded the license plate number of the vehicle. The missing wallet was discovered at the nearby corner of Austin Street, the street on which Complainant lived, and Maddox Street.

Shortly after Complainant called the police, Officer Vyers arrived. He testified that Complainant verbally told him what the license plate number was and that she did not give him any paper, or, alternatively, that he did not recall her giving him a piece of paper. He testified that he wrote the number down in his notes from her verbal description. He then called in a description of the vehicle, including the license plate number, which he read from his notes, and the description was broadcast. Officer Haley found a vehicle matching the description, including the license plate number, parked in a bank parking lot on Maddox Street. Within a minute of spotting the vehicle, Officer Haley saw Appellant running in its direction. Officer Haley then arrested Appellant, who refused to respond when asked by Officer Haley if the vehicle belonged to him. Officer Haley then returned to Complainant's residence with Appellant, where Complainant identified Appellant as the person who had cursed at her while she was on the phone but noted that Appellant was wearing a different colored shirt than when he had cursed at her.

State's witness Maribel Rodriguez testified that she had seen an Anglo male and a Hispanic male on the street exchanging the shirts they had been wearing. Rodriguez also testified that the tattoos she had observed on the Anglo male were in the same place as those on Appellant, although she could not tell whether they were the same tattoos. At trial, she was unable to identify Appellant as the man she saw exchanging shirts, explaining that he was quite different from the man she had seen.

Officer Haley testified that Appellant had been holding keys at the arrest scene and that when another officer tried them in the ignition, they started the vehicle. The police found a letter addressed to Appellant and a pawn shop ticket bearing the name "Pete Perez" inside the vehicle. Pete Perez was the brother of Complainant's sister-in-law. Before Appellant's trial, Pete Perez pled guilty and was con-

victed of the same burglary for which Appellant was on trial. No DNA or identifiable fingerprints were found inside the house.

## LEGAL SUFFICIENCY OF THE EVIDENCE

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1] This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[2] The trier of fact is the sole judge of the weight and credibility of the evidence.[3] Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.[4] We must resolve any inconsistencies in the evidence in favor of the verdict.[5] The standard of review is the same for direct and circumstantial evidence cases.[6]

Mere presence at the scene of the offense does not make someone a principal or an accomplice.[7] Some affirmative act or omission is required.[8] On the other hand, a person can be an accomplice although not present at the scene of the crime.[9] But simply knowing about a crime and failing to disclose it, or even concealing it, does not make someone an accomplice.[10]

While mere presence at or near the scene of a crime is not alone sufficient to prove that a person was a party to the offense, it is a circumstance tending to prove guilt, which, combined with other facts, may suffice to show that the accused was a participant.[11] Circumstantial evidence alone may be used to prove that one is a party to an offense.[12] In determining whether the accused was a party, it is proper to look to events occurring before, during, and after the commission of the offense.[13] In a circumstantial evidence case, it is not necessary that every fact point directly and independently to the guilt of the accused; rather, it is enough if the conclusion is warranted by the combined and cumulative force of all the in-

---

1. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Ross v. State*, 133 S.W.3d 618, 620 (Tex.Crim.App.2004).

2. *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789.

3. *See* TEX.CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979); *Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App.2000).

4. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App.1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000).

5. *Curry v. State*, 30 S.W.3d 394, 406 (Tex.Crim.App.2000).

6. *Burden v. State*, 55 S.W.3d 608, 613 (Tex.Crim.App.2001); *Kutzner v. State*, 994 S.W.2d 180, 184 (Tex.Crim.App.1999).

7. *Blake v. State*, 971 S.W.2d 451, 454 (Tex.Crim.App.1998).

8. *Id.*

9. *Id.*

10. *Id.*

11. *Beardsley v. State*, 738 S.W.2d 681, 685 (Tex.Crim.App.1987).

12. *Wygal v. State*, 555 S.W.2d 465, 469 (Tex.Crim.App.1977).

13. *Cordova v. State*, 698 S.W.2d 107, 111 (Tex.Crim.App.1985), *cert. denied*, 476 U.S. 1101, 106 S.Ct. 1942, 90 L.Ed.2d 352 (1986).

criminating circumstances.[14]

■■■■ The mere presence of the accused in the company of the accomplice shortly before or after the time of the offense is not, in itself, sufficient evidence of guilt even if it constitutes corroboration of the testimony of the accomplice.[15] Courts have rejected guilt by association as corroborating evidence because if "such testimony [placing the defendant and the accomplice together] be corroborative, then accomplices might be held corroborated in their claim of the guilt of any person upon whom they might seek to fasten a crime, by mere proof that such parties had been seen together."[16] Association with the admitted criminal may be sufficient corroboration of accomplice testimony, however, if offered in conjunction with other facts and circumstances that sufficiently connect the accused with the commission of the crime.[17] Examples of such corroborating circumstances include subsequent flight, possession of the fruits of the crime, and presence at or near the scene of the crime at an unreasonable hour.[18]

There is no direct evidence of Appellant's guilt. The case now before this court is a circumstantial evidence case, but again, the standard of review is the same in both direct and circumstantial evidence cases.[19] Pete Perez was the brother of Complainant's sister-in-law. Pete Perez pled guilty to the burglary, but the record does not reflect whether he implicated Appellant in those proceedings. Perez did not testify in the case before us and consequently provided no inculpating testimony to be corroborated. There was evidence—the letter and the pawn ticket—that to some extent connected Perez to Appellant. Additionally, Rodriguez saw a Caucasian man and a Hispanic man exchange shirts, and Complainant said the man she identified in the show-up was wearing a different colored shirt than when he spoke to her earlier. There was evidence that Appellant is Caucasian.

Viewing the evidence in the light most favorable to the verdict, we note that a vehicle was in Complainant's driveway when she returned to her house. It had not been there when she left. When she entered her home, she saw evidence of a burglary, but no person was inside the house. Appellant arrived, offered to explain everything to her, and drove the vehicle away. The police found Appellant running toward a vehicle matching the description Complainant gave, and his keys fit the ignition. The vehicle's back window was broken out. A pawn ticket with Pete Perez's name on it and a letter addressed to Appellant were inside the vehicle. The only evidence connecting Appellant with the burglary was the presence of the automobile at the scene and the arrival of Appellant later to drive it away. No evidence was offered concerning ownership of the vehicle.

While Appellant had keys that fit the vehicle's ignition when the police apprehended him, the record does not reflect

**14.** *Johnson v. State*, 871 S.W.2d 183, 186 (Tex.Crim.App.1993), *cert. denied*, 511 U.S. 1046, 114 S.Ct. 1579, 128 L.Ed.2d 222 (1994).

**15.** *Nelson v. State*, 542 S.W.2d 175, 177 (Tex. Crim.App.1976).

**16.** *Weatherred v. State*, 100 Tex.Crim. 199, 272 S.W. 471, 472 (1925).

**17.** *Cherb v. State*, 472 S.W.2d 273, 280 (Tex. Crim.App.1971).

**18.** *Id.; see also Cawley v. State*, 166 Tex.Crim. 37, 310 S.W.2d 340, 342 (1957), *cert. denied*, 361 U.S. 920, 80 S.Ct. 266, 4 L.Ed.2d 188 (1959).

**19.** *Burden*, 55 S.W.3d at 612–13.

whether the keys were in Appellant's pocket, in the ignition, on the vehicle seat, or some other place when he got into the vehicle to drive it away from the burglary scene, or whether the vehicle had been hot-wired. The record also does not reflect whether there was more than one set of keys. The broken-out back window could indicate that the vehicle had been stolen. Neither Appellant's fingerprints nor his DNA was found inside the house. No stolen items were found in the vehicle or on Appellant's person. No one saw Appellant at Complainant's house before Complainant saw him walk up to her while she was reporting the burglary. Although Complainant wrote down the license plate number of the vehicle she saw at her house, no one testified either that the license plate on the vehicle the police recovered matched the number Complainant wrote down or that the vehicle was registered to Appellant. Complainant described the man she saw as having a shaved head, but Appellant's head was not shaved. His hair was short, however.

██ The State must prove each and every element of the offense beyond a reasonable doubt under the Fourteenth Amendment Due Process Clause.[20] The State was obligated to prove that Appellant, either acting alone or as a party, entered Complainant's house without consent with intent to commit theft or that he entered without consent and did commit or attempt to commit theft.[21] Applying the appropriate standard of review, we hold that the evidence, even if entirely believed, is insufficient to support the jury's verdict. We sustain Appellant's second point. Because of our disposition of this point, we do not reach Appellant's first point.[22]

## CONCLUSION

Having held that the evidence is legally insufficient to support Appellant's guilt, we reverse the judgment of the trial court and render a judgment of acquittal.[23]

CAYCE, C.J. dissents without opinion.

**20.** *Mullaney v. Wilbur*, 421 U.S. 684, 699–700, 95 S.Ct. 1881, 1889–90, 44 L.Ed.2d 508 (1975); *In re Winship*, 397 U.S. 358, 363–64, 90 S.Ct. 1068, 1072–73, 25 L.Ed.2d 368 (1970).

**21.** *See* TEX. PENAL CODE ANN. §§ 7.01, 30.02 (Vernon 2003).

**22.** *See* TEX.R.APP. P. 47.1.

**23.** *See* TEX.R.APP. P. 43.2(c), 51.2(d); *Greene v. Massey*, 437 U.S. 19, 24–25, 98 S.Ct. 2151, 2154–55, 57 L.Ed.2d 15 (1978); *Burks v. United States*, 437 U.S. 1, 16–18, 98 S.Ct. 2141, 2150–51, 57 L.Ed.2d 1 (1978); *Moff v. State*, 131 S.W.3d 485, 489 (Tex.Crim.App. 2004).