NO. 07-01-0479-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 1, 2002



______________________________




JACKIE NORTH, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-433052; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 In pursuing this out of time appeal, (1) appellant Jackie North challenges his conviction
of possession of a controlled substance. His punishment, enhanced because of two prior
convictions, was assessed by the trial jury at 17 years confinement in the Institutional
Division of the Department of Criminal Justice. In mounting his challenge, appellant raises
a single point of error contending the evidence is both legally and factually insufficient to
support his conviction. Disagreeing, we affirm the trial court's judgment.

 The standards by which we determine the legal and factual sufficiency of the
evidence are by now axiomatic and it is not necessary to discuss them at length. See
Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Clewis v. State,
922 S.W.2d 128 (Tex.Crim.App. 1996). Suffice it to say that in instances such as this one
in which both the legal and factual sufficiency of the evidence are challenged, we must first
determine if the evidence is legally sufficient and, if it is legally insufficient, render an
acquittal judgment. If we determine the evidence is legally sufficient, we must then decide
if it is factually sufficient measured by the standards explicated in Clewis, 922 S.W.2d at
134. 

 To establish the offense of possession of a controlled substance, the State is
required to prove the defendant exercised care, control, and management over the
controlled substance and that he knew the nature of the substance. Humason v. State,
728 S.W.2d 363, 365 (Tex.Crim.App. 1987). The defendant's control over the contraband
need not be exclusive, but his control may not be inferred from his non-exclusive control
over the place where the contraband was found unless the State presents affirmative links
between the defendant and the contraband. Id.; Gilbert v. State, 874 S.W.2d 290, 298
(Tex.App.--Houston [1st Dist.] 1994, pet. ref'd). Possible affirmative links include whether:
1) the contraband was in plain view; 2) the contraband was conveniently accessible to the
accused; 3) the accused was the owner of the place where the contraband was found; 4)
the accused was the owner of the automobile in which the contraband was found; 5) the
contraband was found on the same side of the car seat on which the accused was sitting;
6) the place where the contraband was found was enclosed; 7) the odor of marijuana was
present; 8) paraphernalia to use the contraband was in view of, or found on, the accused;
6) conduct by the accused indicated a consciousness of guilt; 9) conduct by the accused
indicated a consciousness of guilt; 10) the accused has a special connection to the
contraband; 11) occupants of the automobile gave conflicting statements about relevant
matters; 12) the physical condition of the accused indicated recent consumption of the
contraband found in the car; and 13) affirmative statements connect the accused to the
contraband. Gilbert, 874 S.W.2d at 298. The number of factors present is not as
important as the logical force the factors have in establishing the elements of the offense. 
Whitworth v. State, 808 S.W.2d 566, 589 (Tex.App.--Austin 1991, pet. ref'd).

 The nature of appellant's challenge requires us to recite the trial evidence. The
State's first witness was Lubbock Police Officer Juventino Calvillo (Calvillo). Calvillo and
Officer James Sullivan (Sullivan) were working the midnight shift on February 2, 2000. On
that night, Calvillo was serving as Sullivan's training officer. Calvillo described how he
prepared for his shift, including checking the patrol car's equipment and being sure that
nothing was left in the car from a previous shift. His preparation included removing the
rear seat of the patrol car to ensure that nothing had been placed on, or slipped under, the
seat.

 During their shift, the officers received a prowler call. While they were investigating
the call, they saw a car parked in the street with someone in the front passenger seat. 
When the person saw the officers, he ducked down. The officers continued down the
street and stopped to watch the other car. They saw a man get into the driver's seat of the
car. The driver started the car and, as it drove past the officers, they noticed it did not
have a license plate light. Because of that missing light, they stopped the automobile.

 Calvillo averred that the driver, who he identified as appellant, was "moving
around" in the car as they approached it. He also said that a "Mr. Ledbetter" was a
passenger in the car. Calvillo asked appellant to get out of the car and to walk back to the
patrol car. The officer "frisked" appellant and placed him in the back seat of the patrol car. 
As Calvillo seated himself in the front seat of the patrol car, he noticed that appellant was
moving around in the back seat. The officers ran a check on appellant's license, which
indicated there were outstanding warrants for his arrest. The officers then placed
appellant under arrest and transported him to jail. After the officers searched appellant's
car, and with his consent, the car was released to Ledbetter.

 At the jail, as appellant was taken out of the patrol car, Calvillo noticed that a
pamphlet that had previously been in appellant's pocket was left on the rear seat, and he
then noticed a white powder around the pamphlet. Because of those observations, Calvillo
lifted the rear seat and found two small plastic bags that contained more of the white
powder. After Calvillo identified the bags in court, they were admitted into evidence. A
video of the incident was also received into evidence.

 Sullivan also testified and supported Calvillo's account that the area underneath the
rear seat of the patrol car was inspected prior to the commencement of the officer's shift. 
Sullivan also said appellant was the person they stopped and later arrested. He also
identified three of the State's exhibits as items that were taken out of appellant's pockets. 
Two of those items were parts of a plastic bag and the third was a piece of stranded
electric wire. Sullivan testified that it took appellant a long time to stop the car and there
was a lot of movement in the car during that period.

 The State's final witness was a chemist from the Texas Department of Public Safety,
who identified the substance recovered from the patrol car as cocaine. The defense did
not present any witnesses.

 Our review of the evidence convinces us that it is amply sufficient to support the
jury's verdict. If the jury accepted the officer's credibility, as they obviously did, the
testimony was sufficient to justify a reasonable conclusion that appellant must have been
the one who placed to cocaine under the rear seat of the patrol vehicle.

 Accordingly, appellant's issue does not present reversible error and is overruled. 
The judgment of the trial court is affirmed. 

 John T. Boyd

 Chief Justice


Do not publish.
1. Through a writ of habeas corpus from the Court of Criminal Appeals, appellant
obtained permission to file this appeal.



estified that he had not actually filed a claim
for insurance proceeds. Appellant contends he is not a materialistic person and did not
have a problem with a house lacking water and gas. Appellant's position was he did not
notice the smoke because he was more concerned with his dog. 

 In reviewing the evidence relied upon by the appellant, we are still left with
circumstances that point directly to appellant as the actor who set fire to the structure. It
is true, as alleged by appellant, that evidence of presence at the scene of the fire shortly
before the fire is discovered is not proof that appellant set the fire. O'Keefe v. State, 687
S.W.2d 345, 349 (Tex.Crim.App. 1985). It is further correct that motive alone is not
sufficient to sustain a conviction for arson. Hall v. State, 155 Tex. Crim. 235, 233 S.W.2d
582, 582 (1950). However, we are presented with both such circumstances concurrently. 
This evidence was submitted to the jury for their evaluation and determination about the
weight and credibility of witnesses' testimony. Santellan v. State, 939 S.W.2d 155, 164
(Tex.Crim.App. 1997). In our review of the evidence we give appropriate deference to
judgment of the fact finder. Santellan, 939 S.W.2d at 164. We are not allowed to
substitute our judgment for that of the jury. Zuniga, 144 S.W.3d at 482. Although
appellant's position is that he was more concerned with his dog and therefore simply did
not notice the smoke, every witness at the scene, other than appellant, clearly saw the
smoke coming from the front of the house. The jury simply did not believe appellant's
version of the facts. The jury also received evidence that appellant was having financial
difficulties. Undisputed facts that the two fires were intentionally set, and that appellant
considered filing an insurance claim were also before the jury. After reviewing in a neutral
light both the State's evidence supporting the verdict and appellant's evidence to the
contrary, we cannot say that the supporting evidence was so weak nor the contrary
evidence so strong that the verdict of the jury was not rational. Id. at 484. Appellant's
issue is therefore, overruled.

 Accordingly, the trial court judgment is affirmed.


 Mackey K. Hancock

 Justice




Do not publish.