NO. 07-04-0516-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 25, 2005

_____

DAVID ALLEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 110TH DISTRICT COURT OF DICKENS COUNTY;

NO. 2287; HONORABLE JOHN R. HOLLUMS, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, David Allen, seeks appeal from a judgment of conviction for the offense of arson and a sentence of five years community supervision. Overruling appellant's issues, we affirm.

On February 27, 2003, a fire heavily damaged appellant's home at 1322 West Harris Street in Spur, Texas. Appellant did not contest the incendiary nature of the fire, the location of the house within the city limits of Spur, Texas, or the existence of an insurance

policy insuring the house against a fire loss. Witnesses saw smoke coming from the house while appellant was at the scene preoccupied with his dog. Appellant left the house and as he drove away chasing his dog, witnesses attempted to advise appellant that his house was on fire. Appellant left the scene without speaking with anyone.

By two issues, appellant challenges the legal and factual sufficiency of the evidence to sustain the finding of guilt. When both legal and factual sufficiency are alleged by an appellant the court must conduct a legal sufficiency review first. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). One cannot be convicted of a crime unless it is shown beyond a reasonable doubt that he committed each element of the alleged offense. U.S. CONST. amend. XIV; TEX. CODE CRIM. PROC. ANN. art. 38.03 (Vernon Supp. 2004); TEX. PEN. CODE ANN. § 2.01 (Vernon 2003).

## STANDARD OF REVIEW

A legal sufficiency review consists of examining the verdict, after reviewing the evidence in the light most favorable to the prosecution, to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Burden v. State, 55 S.W.3d 608, 612 (Tex.Crim.App. 2001). This standard is the same in both direct and circumstantial evidence cases. Burden, 55 S.W.3d at 613. In measuring the sufficiency of the evidence to sustain a conviction, we measure the elements of the offense as defined by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). All the evidence before the jury must be considered, whether

2

proper or improper, to assess the jury's factual findings from the jury's perspective. Miles v. State, 918 S.W.2d 511, 512 (Tex.Crim.App. 1996). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a "mere modicum" of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim.App. 1988). We resolve inconsistencies in the evidence in favor of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000).

ANALYSIS

To sustain a conviction for arson the State must prove the following: a person starts a fire, intending to damage or destroy a habitation, and knowing that the habitation is located within the incorporated limits of a town or that the habitation is insured against damage or destruction. TEX. PEN. CODE ANN. § 28.02 (Vernon 2003). Appellant concedes on appeal that there is no question about there being a fire, the structure burned was a habitation belonging to appellant, the habitation was located within the incorporated limits of Spur, Texas, the fire was incendiary in nature of origin, and that the property was insured. The focus of appellant's contention is that there is no direct evidence showing he is the person who set the fire.

Three witnesses place appellant at the house at the moment the fire was detected. All three could see smoke coming from the front portion of the house when they were located in front of the dwelling. Appellant's own testimony was that he returned home to check his mail, went to the mail box by the front door, retrieved the mail, and returned to his truck for three to five minutes. Two witnesses testified that they attempted to get

3

appellant's attention and advise him of the fire, but that appellant waved to one witness and did not acknowledge the other. Rather appellant drove away. The record reflects that appellant's gas and water were turned off by the utility company for non-payment on the day of the fire. Appellant verified this evidence and admitted he left the house before the utilities were shut off because he did not wish to be there while the utilities were being shut off. Appellant was unemployed at the time of the fire and had been for several years. The record reflects the house was insured and that appellant was considering filing a claim on the loss. Witnesses stated that appellant showed no emotional reaction to the news of the fire when he was notified about the fire.

After analyzing the evidence in the light most favorable to the prosecution, giving due regard to the fact finder's ability to resolve issues of inconsistencies in evidence and credibility of the witnesses, we cannot say that a rational trier of fact could not have found appellant guilty beyond a reasonable doubt. Jackson, 443 U.S. at 319. Thus, appellant's issue on legal sufficiency is overruled.

Having concluded that the evidence was legally sufficient, we must address the factual sufficiency of the evidence.

STANDARD OF REVIEW

When an appellant challenges the factual sufficiency of his conviction, the reviewing court must ultimately determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding defendant guilty beyond a reasonable doubt. See Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). There are two ways in which

4

the evidence may be insufficient.  First, when considered by itself, evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt.  Id. Second, considering all of the evidence, both for and against the verdict, the contrary evidence may be so strong that the beyond-a-reasonable-doubt standard could not have been met.  Id. at 484-85.

## ANALYSIS

We begin the review by discussing the evidence that appellant claims demonstrates a factually insufficient basis for the jury verdict.  Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).  Initially, appellant attacks the evidence which might tend to show that he set the fire.  Appellant was seen in front of the house at some time around 6:30 p.m. on the day in question, but not actually entering or exiting the structure.  Appellant testified that he came back to the house to check his mail and upon doing so became engrossed in trying to catch one of his dogs.  At least two witnesses testified that they watched appellant driving behind one of his dogs and trying to coax the animal back into the truck.  No witness testified smelling any smoke on appellant nor seeing him with any obvious signs of being around a fire such as singed eyebrows or body hair.  Appellant points to the fact that no one saw any incendiary device on or about appellant's person. Finally, appellant attacks the evidence regarding motive by testifying that he was entitled to one-half of a certificate of deposit and therefore was not in any financial trouble. Further, appellant explained that he had been unemployed for a number of years to take care of his ailing mother.  Finally, appellant testified that he had not actually filed a claim for insurance proceeds.  Appellant contends he is not a materialistic person and did not

5

have a problem with a house lacking water and gas. Appellant's position was he did not notice the smoke because he was more concerned with his dog.

In reviewing the evidence relied upon by the appellant, we are still left with circumstances that point directly to appellant as the actor who set fire to the structure. It is true, as alleged by appellant, that evidence of presence at the scene of the fire shortly before the fire is discovered is not proof that appellant set the fire. O'Keefe v. State, 687 S.W.2d 345, 349 (Tex.Crim.App. 1985). It is further correct that motive alone is not sufficient to sustain a conviction for arson. Hall v. State, 155 Tex. Crim. 235, 233 S.W.2d 582, 582 (1950). However, we are presented with both such circumstances concurrently. This evidence was submitted to the jury for their evaluation and determination about the weight and credibility of witnesses' testimony. Santellan v. State, 939 S.W.2d 155, 164 (Tex.Crim.App. 1997). In our review of the evidence we give appropriate deference to judgment of the fact finder. Santellan, 939 S.W.2d at 164. We are not allowed to substitute our judgment for that of the jury. Zuniga, 144 S.W.3d at 482. Although appellant's position is that he was more concerned with his dog and therefore simply did not notice the smoke, every witness at the scene, other than appellant, clearly saw the smoke coming from the front of the house. The jury simply did not believe appellant's version of the facts. The jury also received evidence that appellant was having financial difficulties. Undisputed facts that the two fires were intentionally set, and that appellant considered filing an insurance claim were also before the jury. After reviewing in a neutral light both the State's evidence supporting the verdict and appellant's evidence to the contrary, we cannot say that the supporting evidence was so weak nor the contrary

6

evidence so strong that the verdict of the jury was not rational. Id. at 484. Appellant's issue is therefore, overruled.

Accordingly, the trial court judgment is affirmed.

Mackey K. Hancock
Justice

Do not publish.